The Pennsylvania Company *v.* Sedwick.

---

## THE PENNSYLVANIA COMPANY *v.* SEDWICK.

PRACTICE.—*Pleading.*—*Negligence.*—*Demurrer.*—*Motion to Make Specific.*— Where, in an action for damages resulting from the alleged negligence of the defendant, the complaint contains a general averment of such negligence, objection that such averment is uncertain can not be made by demurrer, but only by a motion to make more specific.

SAME.—*Motion for New Trial.*—*When Made.*—Unless for matter discovered afterward, a motion for a new trial can not be made at a term subsequent to the one at which the verdict or decision is rendered, without the consent or waiver of the opposite party.

From the Marion Superior Court.

*C. Baker, O. B. Hord* and *A. W Hendricks,* for appellant.

*S. Claypool, W. H. Ketcham* and *H. C. Newcomb,* for appellee.

The Pennsylvania Company v. Sedwick.

Howk, J.—In this action, the appellee was the plaintiff, and the appellant was the defendant, in the court below.

In his complaint, the appellee alleged, in substance, that the appellant, "a corporation organized and existing under and by virtue of the laws of the State of Pennsylvania," was, on and before the 5th day of April, 1873, and had ever since been, the lessee of a certain railroad, known as the Pittsburgh, Ft. Wayne and Chicago Railway, extending from the city of Chicago, in the State of Illinois, through the States of Indiana and Ohio and parts of the States of Illinois and Pennsylvania, to the city of Pittsburgh, in said last-named State, and operated and controlled the same through its agents and employees, and was also the owner and lessee of large amounts of cars, locomotives and other rolling-stock proper and necessary for the equipment of a railroad company, and was then and there, to wit, on said 5th day of April, engaged in the business of carrying for hire over the line of said road, and more especially from the town of Crestline, in the State of Ohio, through parts of the States of Ohio and Pennsylvania, to the city of Pittsburgh aforesaid, goods, chattels and merchandise, cattle, hogs and stock of all kinds, and was then and there a common carrier for hire, and then and there received from the appellee five hundred and eleven hogs, of the value of five thousand dollars, at said town of Crestline, to be carried to said city of Pittsburgh, and then and there agreed and undertook, in consideration of a certain reasonable reward and hire, to be paid by the appellee, to safely and securely carry and transport said hogs to said city of Pittsburgh; that it thereby, then and there became and was the duty of the appellant to so safely and securely carry and convey said hogs for the appellee to said city of Pittsburgh; and the appellee averred, that the appellant, wholly regardless of its said duty, and in vio-

Vol. LIX.—22

lation of its said contract, wholly failed to safely and securely convey or carry said hogs from Crestline to Pittsburgh, and wholly failed and refused to safely or securely deliver the same for the appellee; but, on the contrary, the appellant, being a common carrier as aforesaid, so carelessly and negligently behaved and conducted itself in the premises, that, by and through its carelessness and negligence and default, eighty-four of said hogs, of the aggregate weight of twenty-four thousand five hundred and ninety pounds, and of the aggregate value of one thousand five hundred dollars, were thereafter, to wit, on the day and year aforesaid, wholly lost to the appellee. Wherefore the appellee asked judgment for fifteen hundred dollars, and for all proper relief.

To this complaint the appellant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court below at special term, and to this decision the appellant excepted. The appellant then answered the complaint by a general denial of each allegation thereof.

The issues joined were tried by a jury at the October term, 1874, of the court below, at special term, and a verdict was returned for the appellee, assessing his damages at eleven hundred dollars. The verdict was returned on the 15th day of October, 1874; but it does not appear from the record that any further action was had, or that any time was given for future action in said cause, at the said October term, 1874.

On the second day of the November term, 1874, of the court below, at special term, the parties appeared, and the appellant tendered and offered to file its motion for a new trial, and the appellee objected to the granting of leave to file said motion. Afterward, on the twelfth day of said November term, the court overruled the said objections of the appellee to the granting of leave to the appellant to file its motion for a new trial, to which ruling the appellee excepted and filed his bill of exceptions.

The appellant then filed its motion for a new trial, which was overruled by the court, and to this decision the appellant excepted; and judgment was rendered on the verdict, from which judgment the appellant appealed to the court below in general term. The judgment was affirmed by the judgment of the court in general term; and from this latter judgment this appeal is now here prosecuted.

In this court, the appellant has assigned, as error, the judgment of the court below in general term; and this assignment of error brings before us, for our consideration, the errors assigned by the appellant in the court below, in general term. These latter errors were as follows:

1. That the court at special term had erred in overruling the appellant's demurrer to appellee's complaint; and,

2. In overruling appellant's motion for a new trial.

The only objection urged to appellee's complaint, by the appellant's learned attorneys, as we understand their brief of this cause in this court, is, that the averments of the complaint are not sufficiently full, clear and explicit, especially in regard to the alleged carelessness and negligence of the appellant. It may be that the complaint is open to this objection; but, if it is, it is very certain that the objection is one which can not be reached by the demurrer to the complaint for the want of sufficient facts. Such an objection can only be reached by a motion to make the complaint, or a particular averment thereof, more specific. *The Cincinnati, etc., R. R. Co.* v. *Chester*, 57 Ind. 297.

In our opinion, the appellant's demurrer to appellee's complaint was correctly overruled.

In section 354 of the practice act, it is provided, that "The application for a new trial must be made at the term the verdict or decision is rendered." 2 R. S. 1876, p. 183. Under this section it has often been held, that

"the court, in a civil action, has no power, without the agreement or waiver of the parties, to grant time to make an application for a new trial, by motion, upon written cause filed, beyond the term at which the verdict or decision is rendered, unless for a cause afterwards discovered." *Krutz* v. *Craig*, 53 Ind. 561. *Wilson* v. *Vance*, 55 Ind. 394, and *Cutsinger* v. *Nebeker*, 58 Ind. 401.

In the case at bar, as we have seen, the record fails to show, that, at the term of the court at which the verdict was returned, there was any application or motion for a new trial, or for further time to make such application or motion, or any agreement or consent, express or implied, for an extension of time in which to make such application or motion, or that the causes for such new trial were discovered after the term at which the verdict was returned. On the contrary, the record does show, that when, at the term after the verdict was returned, the appellant tendered and offered to file its motion for a new trial, the appellee objected thereto, or to leave being granted the appellant to file such motion; and that, when the appellee's objection was overruled by the court, he excepted to such decision, and filed his bill of exceptions duly signed and sealed by the court, and made part of the record of this cause. It appears from this bill of exceptions, that the appellee objected to the filing of the motion for a new trial, "for the reason that the verdict herein was rendered at the October term of said court, to wit, on the 15th day of October, 1874, and for the reason that said motion can not properly be filed at a term of court subsequent to the term at which said verdict was rendered."

Undoubtedly this objection was well taken; as it was then too late, under the law, to file a motion for a new trial, except with the consent, express or implied, of the appellee.

The motion for a new trial was and is improperly in the record; and the assignment of the decision of the

court at special term, in overruling said motion, as error in the court below in general term, presented no question for the decision of that court, and presents none for our decision.

The judgment of the court below in general term is affirmed, at the appellant's costs.