| 61 85
133 296

---

## DILLE ET AL. *v.* WEBB ET UX.

ADVANCEMENT.— *Witness.—Partition.—Evidence.*—In an action for the partition of lands descended from the ancestor of the parties, where the intention of the ancestor in making a conveyance to one of the parties, alleged to have been an advancement, is in issue, neither party is a competent witness as to such intention, unless required to testify by the court trying the cause or by the opposite party.

SAME.— *Voluntary Conveyance.——Presumption.*—A voluntary conveyance of land by a parent to a child is presumed to be intended as an advancement, but such presumption may be rebutted. And all the facts surrounding the case, throwing light on the parent's intention, are admissible in evidence.

From the Henry Circuit Court.

*J. Brown* and *J. M. Brown,* for appellants.

*J. A. New* and *M. Marsh,* for appellees.

PERKINS, J.—Complaint for partition of the lands of which one Joseph Dille died seized, filed by Daniel D. Dille, Barbara Barrett, Hugh L. Dille, Joseph Dille, Nancy Byers, James Byers, Caleb Dille, George J. F. Dille and Squire

Dille, against Elizabeth Ann Webb and James A. Webb, her husband.

All the above plaintiffs and defendants are children and heirs of said Joseph Dille, deceased, except James Byers, who is the husband of Nancy Byers, and James A. Webb, the husband of Elizabeth Ann Webb.

The complaint alleges, that said heirs are entitled to equal shares in the property to be partitioned, except that said Elizabeth Ann Webb is to be charged with an advancement of the value of four thousand five hundred dollars, made to her in a tract of land conveyed or caused to be conveyed to her by her father.

Defendants, the Webbs, answered in two paragraphs :

1. A general denial;

2. That advancements had been made by their deceased father to the plaintiffs, as follows:

To Daniel D. Dille, two horses, of the value of two hundred dollars.

To Joseph, Caleb, George J. F. and Squire Dille, one horse, saddle and bridle and a cow, each, of the value of two hundred dollars.

To Hugh L. Dille three hundred dollars cash.

To Nancy Byers and Barbara Barrett, each, one cow, bed and bedding, of the value of one hundred and fifty dollars ; which advancements, it is prayed, may be considered in making partition, etc.

Reply in denial.

Trial by jury.

The verdict of the jury consisted of answers to interrogatories, as follows :

1st. That the land deeded to Elizabeth Ann Webb, by direction of Joseph Dille, deceased, was conveyed to her in consideration of the care she had bestowed, and was to bestow, upon the said deceased.

2d. That the reception of the conveyance of this land was not to prevent her from sharing with the other children in the estate of her father left undisposed of.

3d. Said land was of the value of two thousand and eighty dollars.

4th. Joseph Dille, deceased, paid that amount for said land.

5th. The amount paid by James Webb on the land was a loan to said Joseph Dille.

6th. The amount has never been repaid to James Webb.

7th. The amount was one hundred and fifty-six dollars and thirty-five cents.

8th. No property conveyed to Mrs. Webb was to be charged to her in the division of the remainder of said Joseph Dille's estate.

9th. No one of the children received any thing from the deceased by way of advancement.

A motion for a new trial was made and overruled, and partition ordered upon the findings of the jury.

The following were the reasons assigned for the new trial:

1. The findings of the jury were contrary to law, and unsustained by evidence;

2. Error of law occurring at the trial, and excepted to at the time by the plaintiffs, in these particulars, specifying them. We omit the specifications.

The court decreed partition and appointed commissioners to set off to each heir one-ninth of the real estate.

The only alleged error assigned in this court is the overruling of the motion for a new trial. The evidence is in the record.

The only point in dispute between the parties, on the trial, was this, viz.: whether the fifty-two acres conveyed to Elizabeth Ann Webb were an advancement, with which she should be charged in the partition. She contended that said fifty-two acres were not an advancement, but were conveyed to compensate her for her trouble in taking care of her father. The other heirs insisted, that said fifty-two acres were an advancement. The evidence

tended to sustain the theory of each of the parties, and would, perhaps, have sustained a finding either way.

The jury found, that the conveyance was not an advancement, but was made as compensation for care and trouble, etc.

There is evidence tending to sustain the finding.

The question of error, therefore, arises upon rulings of the court during the trial, which may have influenced the jury in making the finding they did.

It is claimed that the court below erred in permitting Mrs. Webb to testify that the fifty-two acres were conveyed to her as compensation for services, and not as an advancement, and that the court erroneously admitted and refused certain other items of evidence.

Our statute enacts, " That in all suits by or against heirs, founded on a contract with or demand against the ancestor, the object of which is to obtain title to or possession of land or other property of such ancestor, or to reach or affect the same in any other way, neither party shall be allowed to testify as a witness as to any matter which occurred prior to the death of such ancestor, unless required by the opposite party or by the court trying the cause," etc.   2 R. S. 1876, p. 133, sec. 2.

The witness, Mrs. Webb, as to the testimony she gave, falls directly within the spirit of the clause of the section of the statute quoted, and she was not required by the opposite party or the court to testify.

For this error, the judgment must be reversed.

Other errors are claimed to have occurred, but, if so, they may not be repeated on another trial.

A voluntary conveyance of land by a parent to a child is presumed to be an advancement; but it is a presumption that may be rebutted.   And all the facts and circumstances surrounding the case and the person making the conveyance, legally tending to show the intention of such person in making the conveyance, are admissible in evidence on a trial of such issue in the cause.

*Woolery* v. *Woolery*, 29 Ind. 249; *Duling* v. *Johnson*, 32 Ind. 155; *Stokesberry* v. *Reynolds*, 57 Ind. 425.

The judgment is reversed, with costs, and the cause remanded, etc.