BARNETT v. LEONARD ET UX.

NEGLIGENCE.—*Complaint.—Motion to make Specific.—Demurrer.*—In an action for damages resulting from alleged negligence, insufficiency of the averments of negligence can be reached by motion to make specific, but not by demurrer.

MALPRACTICE.—*Action by Wife.—Joinder of Husband.—Party.*—Under section 8 of the practice act, 2 R. S. 1876, p. 36, the husband must join with the wife in an action by her against a physician for malpractice ; but, under the act of March 25th, 1879, Acts 1879, p. 160, she may sue alone.

SAME.—*Complaint.—Defect of Parties.—Demurrer.—Evidence.*—In an action by a married woman, brought by her in the name of herself and husband, but demanding damages solely in her own right, against a physician, for malpractice, she alleged, as a reason why her husband had not joined her in the action, that he had abandoned her and left the State.

*Held,* that a demurrer for a defect of parties plaintiffs should be sustained, but that such defect is not presented by a demurrer for insufficiency.

*Held,* also, that evidence of the alleged abandonment of the wife by the husband was incompetent.

From the DeKalb Circuit Court.

*J. R. Coffroth* and *T. A. Stuart,* for appellant.

HOWK, J.—In this action, the appellee Amanda Leonard sued the appellant in a complaint of a single paragraph, wherein she alleged, in substance, that the appellant, being a physician and surgeon, on or about the 12th day of August, 1874, as such physician and surgeon, for a valuable consideration to be therefor paid, undertook to treat and attend the appellee Amanda, whose right arm was broken,

and fractured and dislocated, faithfully, carefully and skilfully, and carefully and skilfully to reduce said fracture, and to set and properly adjust said broken arm, and diligently, faithfully and skilfully endeavor to heal and cure the same; that the appellant, not regarding his said undertaking, did not carefully and skilfully reduce said fracture, and properly set said broken arm, nor did he carefully, diligently and skilfully endeavor to cure and heal the same, but, on the contrary, the appellant so carelessly, unskilfully and negligently conducted himself in and about the reduction of said fracture and the setting of said broken arm, and in and about the healing and curing thereof, that the said arm was stiff, useless and crooked, and would so remain permanently; that because of the careless, unskilful and negligent manner in which the appellant had treated said arm, she had suffered great and long continued pain, and was thereby deprived of the use of said arm, and would remain a cripple for life; that her co-plaintiff, Charles Leonard, was her husband, to whom she was married on the —— day of ———, 187—; that, from the time of their marriage, he had utterly and unreasonably failed to provide for her support, in consequence of which she had been obliged to return to her father's house, shortly after her marriage, where she had since remained; that thereafter, and long before her arm was so broken, her said husband and co-plaintiff had abandoned her and left this State, going to parts unknown to her; that she therefore brought this action in the names of her said husband and of herself, as she might lawfully do; and that, by means of the said wrongs of the appellant, she had been damaged in the sum of five thousand dollars, for which she demanded judgment.

To this complaint the appellant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the

court, and to this ruling he excepted. He then answered the complaint by a general denial thereof.

The issues joined were tried by a jury, and a general verdict was returned for the appellee, assessing her damages in the sum of one thousand dollars.

The appellant's motion for a new trial having been overruled by the court, and his exception entered to this decision, judgment was rendered on the general verdict.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court:

1. In overruling his demurrer to the complaint; and,

2. In overruling his motion for a new trial.

We will consider and decide the questions arising under these alleged errors, in the order of their assignment.

1. Under the first alleged error, it is claimed by the appellant's counsel, that the appellee's complaint was bad, on the demurrer thereto, because " the allegations as to negligence are not sufficient." If the complaint was defective on this ground, as it probably was, it is very clear, we think, that the defect was one which could not be reached by the demurrer to the complaint, for the want of sufficient facts. Such a defect, if it existed, could have been reached only by a motion to make the complaint, or the particular allegations thereof, more specific as to negligence. *The Cincinnati, etc., Railroad Co. v. Chester,* 57 Ind. 297 ; and *The Pennsylvania Co. v. Sedwick,* 59 Ind. 336.

The appellant's counsel also insist, that the demurrer to the complaint ought to have been sustained, because, as they say, " the law is well settled, that a married woman can not maintain an action like the one at bar, without her husband joining with her. Both in the original and in the amended complaint the wife alone complains, and she alone demands judgment." It may be conceded, that both the law and the facts of this case are as the appellant's counsel

have stated them to be, in the above quotation from their brief of this cause. *Long* v. *Morrison*, 14 Ind. 595 ; and *Rogers* v. *Smith*, 17 Ind. 323. At common law, in suits for injuries to the person of a married woman, husband and wife must join as plaintiffs ; and this rule of law has not been changed by any of the provisions of our code of practice. Indeed, in section 8 of the practice act, it is expressly provided that, " When a married woman is a party, her husband must be joined with her ; except :

" *First.* When the action concerns her separate property, she may sue alone.

" *Second.* When the action is between herself and her husband, she may sue or be sued alone," etc. 2 R. S. 1876, p. 36.

It appeared upon the face of the appellee's complaint, in this case, that she was a married woman, and that Charles Leonard was her husband and had not joined with her, in bringing this suit. It is certain, therefore, that the complaint was subject to a demurrer for the fourth statutory cause of demurrer ; for there was an apparent defect of parties plaintiffs, on the face of the complaint, in this, that the said Charles Leonard, under the law then in force, was a necessary party plaintiff, in this action. But it is equally certain, we think, that this defect in the complaint was not reached by the appellant's demurrer thereto, upon the ground that it did not state facts sufficient to constitute a cause of action. The court did not err, in our opinion, in overruling the demurrer to the complaint.

We may properly remark, in this connection, that the appellee's husband is not now a necessary party plaintiff, in this suit ; for, in section 6 of " An act concerning married women," approved March 25th, 1879, it is provided that " A married woman may bring and maintain an action in her own name against any person or body corporate for damages for any injury to her person or character, the same as if she were sole ; and the money recovered shall

be her separate property, and her husband, in such case, shall not be liable for costs." Acts 1879, p. 160.

2.   Under the second alleged error, the first question presented and discussed by the appellant's counsel relates to the admission of certain evidence on the part of the appellee, on the trial of the cause, over the appellant's objections.   It appears from a bill of exceptions properly in the record, that on the trial the appellee Amanda Leonard was a witness, and, over the appellant's objections, was permitted to testify, "that she was the wife of her co-plaintiff, Charles Leonard, that her said husband had left her and failed to provide for her for more than a year prior to that time and to the commencement of said action, and that he had abandoned her at that time, and left the State of Indiana."   "To the admission of which witness and of her testimony, the defendant objected, *first*, on the ground that her evidence was against her husband and his interest in said suit; *second*, on the ground, if it were not against her husband and his interest in said suit, it was in favor of his interest and of him in said suit, and, in either case, as his wife, she was incompetent to testify; *third*, that such evidence was incompetent and irrelevant. But the court overruled the said objections, to which ruling the defendant at the time excepted."

It seems to us that the court erred in the admission of the appellee's evidence above set out, on the ground of its incompetency and irrelevancy to the matters in issue. The gist of the appellee's action against the appellant was his alleged negligence and unskilfulness, in the treatment of her fractured arm. It is certain, we think, that the facts of the appellee's abandonment by her husband, and of his failure to provide for her, were entirely foreign to the questions in issue between her and the appellant, and could not have any legitimate bearing upon the proper decision of those questions.   We need hardly say, for this is self-evident, as it appears to us, that those facts would

not tend, even remotely, to show any lack of skill, any want of care, or any negligence, of any kind or degree, on the part of the appellant, in his treatment of the appellee's injuries. We have no brief of this cause from the appellee or her counsel, in support of the decision of the court, in the admission of the evidence of the appellee in regard to her abandonment by her husband, or his failure to provide for her, over the appellant's objections thereto, and we confess our inability to conceive of any legal· grounds upon which the ruling of the court can be justified or sustained. The evidence was irrelevant, and it seems to us that its manifest tendency, in the language of the appellant's counsel, was " to mislead the jury, direct their minds into wrong channels, and excite and enlist their sympathies in favor of the plaintiff, on account of her destitute and forlorn condition."

The only other questions discussed by the appellant's counsel are the alleged misconduct of the appellee, and of one of the jurors, during the progress of the trial, and the insufficiency of the evidence to sustain the verdict. We do not deem it necessary for us to consider and decide any of these questions in this opinion. It is not probable that the alleged misconduct, either of the appellee or of the juror, will be repeated on another trial of the cause ; and, as the conclusion we have reached, in regard to the error of the court in the admission of the appellee's evidence, may lead to a new trial, the sufficiency of the evidence to sustain the verdict can hardly be regarded as a proper subject of inquiry or comment by this court, until after such new trial.

For the reasons given, we think the court erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.