THE PITTSBURGH, CINCINNATI AND ST. LOUIS RAILWAY COMPANY *v.* HUNT.

No. 6867.

RAILROAD.—*Killing Stock.—Complaint.—Allegations of Ownership.—Demurrer.*—In an action under the statute, against a railroad company, for killing stock, the complaint alleged that such company, " by *its* locomotive

# 230 SUPREME COURT OF INDIANA.

and cars, * * on *its* railroad," ran over and killed such stock, etc. *Held*, on demurrer, that such allegation as to the ownership of such railroad is sufficient, when the objection is made after trial and verdict.

SAME—*Local Habitation of Company.*—It is not material to a recovery in such action, whether the "local habitation" of such company was or is within or without State, or was or is a creature of the laws of this or some other State.

SAME.—*Liability of Lessee.*—Where a railroad is run and operated by a lessee, not in the name of the company, but in its own name, it is not liable, under section 1 of the act of March 4th, 1863, 1 R. S. 1876, p. 751, for stock killed by it before such act was amended by the act of March 14th, 1877, Acts 1877, Spec. Sess., p. 61.

SAME.—*Evidence.—Lease.*—In a suit against such lessee, as owner of such road, for stock killed, the record of the lease from the owner of such road to the lessee thereof, is admissible in evidence under the general denial, to prove such ownership.

PRACTICE.—*Complaint.—Supreme Court.—Assignment of Error*—An assignment of error in the Supreme Court, that the complaint does not state facts sufficient to constitute a cause of action, questions the sufficiency of the complaint as an entirety only, and not of each paragraph thereof; and, if the complaint contains one good paragraph, such alleged error will not be available to reverse the judgment, unless the record affirmatively shows that the verdict and judgment were founded in whole or in part upon an insufficient paragraph thereof.

SAME.--*Uncertainty.—Motion to Make Specific.*—Uncertainty in a pleading can not be reached by a demurrer for want of facts, after verdict, the proper remedy for such defect being by motion to make such pleading more specific.

From the Hancock Circuit Court.

*W. R. Hough, J. P. Siddall* and *W. D. Foulke*, for appellant.

HOWK, J.—In this action, the appellee sued the appellant in a complaint of two paragraphs, to recover damages for the killing of two milch cows, owned by the appellee, on the line of the appellant's railroad.

The appellant answered in two paragraphs, of which the first stated special matter, and the second paragraph was a general denial of the complaint. The appellee replied by a general denial to the first paragraph of the answer.

The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of ninety-five dollars. The appellant's motions for a new trial, and in arrest of judgment, in the order named, were severally overruled, and its exceptions duly saved to each of these rulings; and the court rendered judgment on the verdict.

Errors are assigned by the appellant, in this court, as follows :

1. The complaint does not state facts sufficient to constitute a cause of action ;

2. Neither paragraph of the complaint states facts sufficient to constitute a cause of action ;

3. The court erred in overruling the appellant's demurrer to the complaint ;

4. The court erred in overruling its demurrer to the first paragraph of the complaint ;

5. The court erred in overruling its demurrer to the second paragraph of the complaint ;

6. The court erred in overruling the appellant's motion for a new trial ;

7. The court erred in overruling its motion for judgment notwithstanding the verdict ; and,

8. The court erred in overruling its motion in arrest of judgment.

The record of this cause does not contain any demurrer to the complaint, or to either one of the paragraphs of the complaint. Therefore, the third, fourth and fifth errors assigned as above by the appellant are not apparent in the record, and present no question for the deci- sion of this court.

The second alleged error is not an assignment of error, which is authorized or warranted by any of the provisions of the practice act. In section 54 of the code, it is pro- vided, in effect, that the defendant shall not be deemed to

have waived "the objection that the complaint does not state facts sufficient to constitute a cause of action," by his failure to demur to such complaint on that ground in the trial court.   But this is an exception to the general doctrine of waiver, enunciated in the same section of the code, and it has never been, and we think it ought not to be, enlarged by construction beyond its exact literal import. Therefore, while it has been held by this court that the defendant might, under the provisions of said section 54 of the code, assign in this court, as error, "that the complaint does not state facts sufficient to constitute a cause of action," yet it has also been decided, and we think correctly so, that this assignment of error questioned the sufficiency of the entire complaint only, and not the sufficiency of each or any paragraph thereof.   *Caress* v. *Foster*, 62 Ind. 145;   *Smith* v. *Freeman*, *ante*, p. 85.   The second error, therefore, presents no question for our decision.

The first and eighth errors, assigned as above by the appellant, call in question the sufficiency of the complaint as an entirety, the eighth after verdict and before judgment, and the first after both verdict and judgment, for the first time in this court.   These alleged errors would not be available for the reversal of the judgment below, if the complaint contained one good paragraph, which would sustain the verdict and judgment, even though the other paragraph was clearly bad.   In such a case, the insufficiency of one of the paragraphs of the complaint would afford no ground for reversing the judgment, unless the record affirmatively showed that the verdict and judgment were founded in whole or in part upon such insufficient paragraph.   *Smith* v. *Freeman, supra.*

In the first paragraph of his complaint, the appellee alleged, in substance, that the appellant, on the — day of July, 1875, at and in Jackson township, in Hancock county,

Indiana, by its locomotive and train of cars then and there running on its railroad, at a point thereon where its railroad track was not at the time securely fenced in and such fence properly maintained by the appellant, ran against and over, and thereby killed, two milch cows, the property of the appellee, one of the value of fifty dollars and the other of the value of forty-five dollars, and of the aggregate value of ninety-five dollars; wherefore, etc. The second paragraph of the complaint differs from the first paragraph only in the transposition of some of its allegations; the facts stated are substantially the same in each of the paragraphs of the complaint.

The appellant's counsel, as we understand them, object to the sufficiency of the complaint, and of each paragraph thereof, upon the ground, as claimed, that it does not affirmatively show either that the appellant was the owner of the railroad, or that it was the lessee, assignee, receiver or other person running or controlling the railroad, in the corporate name of its owner, whereon the appellee's cows were run over and killed. It seems to us, however, that this objection is not well taken, under the appellant's assignment of errors. It was alleged in each paragraph of the complaint, that the appellant, by *its* locomotive and cars, at a point on *its* railroad not securely fenced in, ran over and killed the appellee's milch cows. This allegation is somewhat indefinite and uncertain, in regard to the ownership of the railroad; but we think it must be held to be sufficient, when the objection thereto is made after the trial and verdict. Uncertainty in pleading can seldom be reached, even by a demurrer thereto for the want of sufficient facts; and after the verdict, whereby it may be said that such defect or objection has been cured or obviated, it can not be made available, either in arrest or for the reversal of the judgment below. *The Cincinnati, etc., R. R. Co.* v. *Chester,* 57 Ind. 297; *The Pennsylvania*

*Co.* v. *Sedwick,* 59 Ind. 336; and *Barnett* v. *Leonard,* 66 Ind. 422.

For such a defect in a pleading, the appropriate remedy, under the code, is a motion, addressed to the trial court, for an order requiring the plaintiff to make his complaint or paragraph, or the particular allegation thereof, more certain and specific.

The appellant's counsel also insist that the complaint is insufficient, because it is not alleged therein that the appellant is a " railroad company in this State." There is nothing in this objection, as it seems to us. It is alleged in each paragraph of the complaint, that the appellant's railroad is in Jackson township, in Hancock county, and in this State, at the point where the appellee's cows were run over and killed ; and it is wholly immaterial, as we think, under the provisions of the statute, whether the " local habitation " of the appellant was or is within or without this State, or whether the appellant was or is a creature of the statutes of this State, or of the laws of some other State or sovereignty.

We are of the opinion that the appellee's complaint stated facts sufficient to constitute a cause of action, and that the court committed no error in overruling the appellant's motion in arrest of judgment.

The sixth error, assigned as above by the appellant, is the decision of the court in overruling its motion for a new trial. Among the causes for such new trial, assigned by the appellant in his motion therefor, was the following :

" 6th. Because the court erred in refusing to permit the defendant to introduce in evidence, upon the trial of said cause, the record of the lease of the Columbus, Chicago and Indiana Central Railroad Company to the defendant, as recorded in volume 2 of the Miscellaneous

Records, in the recorder's office of Hancock county, in the State of Indiana."

At the time of the commencement of this action, and during its pendency in the circuit court, and until after final judgment was rendered therein, the law governing the case made by the complaint was an act entitled " An act to provide compensation to the owners of animals killed or injured by the cars, locomotives, or other carriages of any railroad company in this State, and to enforce the collection of judgments rendered on account of the same, and to repeal all laws inconsistent therewith," approved March 4th, 1863. 1 R. S. 1876, p. 751.

Omitting the enacting clause, section 1 of said act reads as follows:

" That lessees, assignees, receivers, and other persons, running or controlling any railroad, in the corporate name of such company, shall be liable, jointly or severally with such company, for stock killed or injured by the locomotives, cars, or other carriages of such company, to the extent and according to the provisions of this act."

It is alleged, in effect, in each paragraph of the appellee's complaint, that the appellant was the owner of the railroad on which the appellee's cows were run over and killed. The appellant, by *its* locomotive, etc., at a point on *its* railroad, etc., ran over and killed the cows; this is the substance of the complaint. The appellant's alleged ownership of the railroad was one of the questions in issue and for trial. The record of the lease, offered in evidence by the appellant, would have tended to prove that the railroad was owned, not by the appellant, but by the Columbus, Chicago and Indiana Central Railroad Company, and that the appellant was the lessee from the latter company of such railroad. When the appellant offered the record of said lease in evidence, the transcript of this cause shows that the appellee objected to the intro-

The Pittsburgh, Cincinnati and St. Louis Railway Company v. Hunt.

duction of said lease in evidence, for the reason that the appellant had not specially pleaded in its answer, that it was controlling said railroad and running its trains thereon, under said lease, as the lessee, and not as the owner of said railroad, and that said lease was not admissible in evidence under the general denial, pleaded by the appellant. The court sustained the appellee's objections and excluded the offered evidence from the jury, and to this decision the appellant excepted.

We are of the opinion, that the record of the lease was competent evidence, and admissible under the general denial, without its having been specially pleaded. The appellee's cause of action, if any he had, against the appellant, as stated in each paragraph of his complaint, was purely statutory. If the appellant was the owner of the railroad, as alleged in the complaint, it was clearly liable under the statute, upon the facts stated, to the appellee, for the value of his cows. If, however, the appellant was not the owner, but was merely the lessee of said railroad, and if, as such lessee, the appellant ran and controlled said railroad in its own corporate name, and not in the corporate name of the owner thereof, then it is clear, that, under the statute, the appellant would not be liable to the appellee for running over and killing his cows. The appellee sued the appellant as the owner of the railroad; he alleged, that his cows were killed by the appellant's cars, on the appellant's railroad, and this allegation was denied by the appellant's answer. The court erred, we think, in sustaining the appellee's objection to the admission of the record of the lease in evidence, and in excluding it from the jury. *The Pittsburgh, etc., Railway Co.* v. *Bolner*, 57 Ind. 572; *The Pittsburgh, etc., Railway Co.* v. *Hannon*, 60 Ind. 417; *The Pittsburgh, etc., Railway Co.* v. *Currant*, 61 Ind. 38.

Section 1, above quoted, was amended by an act ap-

proved March 14th, 1877, some time after the appellee's cows were alleged to have been killed. Acts 1877, Spec. Sess., p. 61. The amended section, therefore, is not applicable to the case at bar, and we need not and do not consider its provisions.

For the reasons heretofore given, we are of the opinion that the court erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.