No. 6683.

## The State, ex rel. Shuckman, *v.* Neff et al.

Constable.—*Breaches of Bond.*—*Answer.*—*Demurrer.*—To a complaint on a constable's bond, alleging his failure to demand, levy upon, and sell property of the execution defendant, and relator's consequent loss of his judgment, an answer that the constable went to the residence of the execution defendant, demanded of him property whereon to levy, was refused, and thereupon made "diligent search" and utterly failed to find such property, is sufficient on demurrer.

Same.—*Diligent Search.*—"Diligent search" is a fact, the truth of which is admitted by demurrer, and, if too broadly stated, the only remedy, if any, is a motion for a more specific statement of the facts of the search.

The State, *ex rel.* Shuckman, *v.* Neff *et al.*

SAME.—*Insolvency of Execution Defendant.*—An answer that, at the time of the receipt of an execution, and continuously thereafter during the term of office of the constable, the execution defendant was insolvent, is a complete bar to the relator's cause of action. Insolvency may be averred as an existing fact.

SAME.—*Instructions.*—*Partial Satisfaction of Execution.*—Instructions that, to entitle a relator to recover on a constable's bond, the execution defendant must have been the owner of personal property subject to execution, of which the amount of relator's execution could have been made, are erroneous. It is enough that a part of the amount could have been made.

From the Allen Circuit Court.

*M. V. B. Spencer, W. G. Colerick, H. Colerick, T. W. Colerick* and *C. P. Jacobs,* for appellant.

*A. Zollars* and *F. T. Zollars,* for appellees.

HOWK, J.—This was a suit by the appellant's relator against the appellees, on the official bond of the appellee Philip J. Neff, as a constable of Madison township, in Allen county, Indiana, to recover damages for certain alleged breaches of the condition of said bond. To the relator's complaint the appellees jointly answered in nine paragraphs, of which the first was a general denial, and each of the other paragraphs was a special answer. The relator demurred separately to each of the special paragraphs of answer, for the alleged insufficiency of the facts therein to constitute a defence to his action; which demurrer was sustained as to the second, third and ninth, and overruled as to each of the other of said paragraphs, and to the latter rulings the relator excepted. He then replied by a general denial to said other paragraphs of answer.

A trial of the issues by a jury resulted in a general verdict for the appellees, the defendants below. The relator's motions for a new trial and in arrest of judgment having been overruled and his exceptions saved to these decisions, the court rendered judgment on the general verdict against the relator, for the appellees' costs.

In this court, the appellant's relator has assigned as errors the following decisions of the circuit court:

1. In overruling his separate demurrer to the fourth, fifth, sixth, seventh and eighth paragraphs of the appellees' answer;

2. In overruling his motion for a new trial; and,

3. In overruling his motion in arrest of judgment.

Before considering any of the questions arising under these alleged errors, we deem it necessary to a proper understanding of the case, that we should give a summary, at least, of the facts stated in the relator's complaint. It was alleged therein that the appellee Philip J. Neff was duly elected a constable of Madison township, in Allen county, and had duly qualified as such constable on the 17th day of October, 1872, and as such had executed his bond in the sum of two thousand dollars, with his co-defendant, Philip Neff, Sr., as his surety therein, a certified copy of which bond was filed with and made a part of the complaint; that said bond was conditioned for the honest and faithful discharge by the said Philip J. Neff of his official duties as such constable, according to law; and that thereupon the said Philip J. Neff entered upon the discharge of his duties as such constable.

The relator further said, that on the 10th day of July, 1874, he recovered judgment against one Silas Work, before a justice of the peace of said Madison township, for the sum of $198.10, with ten per cent. interest, and costs taxed at $6.90; that afterward, on July 25th, 1874, an execution was issued on said judgment by said justice, and placed in the hands of said constable for service and return, according to law; that at that time, and for a long time thereafter, the said Silas Work was a resident of said township and the owner of a large amount of personal property, situate in said township, of the value of $500 or more, subject to execution and sufficient to pay said judgment, interest and costs; and the rela-

tor averred, that the said Philip J. Neff had not faithfully and honestly discharged his duties as such constable, in this:

1. That he well knew that said Silas Work had personal property subject to execution, within his bailiwick, sufficient to satisfy said execution, yet he failed and refused to demand property from said Work to satisfy said writ.

2. That he did not, within thirty days from the time of receiving said execution, levy the same upon the property of said Work and offer the same for sale, although said Work was the owner of a large amount of personal property, of the value of $500 or more, within said township, upon which he could have levied said writ and made the money.

3. That he had failed and refused to demand property of said Silas Work, and had failed and refused to levy said execution on such property, although, as he well knew, the said Work was the owner of personal property of the value of $500 or more, within said township, upon which he could and ought to have levied said writ; but, while he was holding said execution, he suffered and permitted the sheriff of said county to levy an execution, issued much later than the one in his hands, upon the said property of said Work, and sell the same, although the said execution in his hands was a prior lien on said property, and he made no effort whatever to retain said property or any part thereof, or to collect the money; but, after holding said execution for seven months, he returned the same, with the following endorsement thereon: "This writ came to hand July 27th, 1874; visited the defendant in this writ August 22d, 1874, and no property found there or elsewhere to levy upon; returned January 25th, 1875;" and,

4. The fourth breach was a repetition of the matters stated in the third breach, and the further allegation that, after the date of said execution, and while it was in the hands of said constable, the said Work became insolvent, and that, by reason of the said several breaches of said bond by said con-

stable, the relator had lost his entire judgment, with interest and costs. Wherefore, etc.

We pass now to the consideration of the questions arising under the first alleged error, and presented and discussed by the relator's counsel in their brief of this cause. These questions relate to the sufficiency of each of the fourth, fifth, sixth, seventh and eighth paragraphs of the appellees' answer, upon the relator's demurrer thereto for the want of facts. The relator's counsel say: "The fourth paragraph of answer fails to show what steps the constable took to discover property and to make the money. It simply avers generally that he made diligent search." It seems to us, however, that counsel have misapprehended the force and effect of the averments of this fourth paragraph. It was alleged therein, in substance, that shortly after the receipt of the execution, to wit, on July 28th, 1874, the said constable went to the residence of the execution defendant and demanded of him property whereon to levy said execution, which demand he refused to comply with, and that thereupon the said constable proceeded to, and did, make diligent search to discover any property of the execution defendant whereon to levy said writ, and had utterly failed to find such property. We think that these averments were amply sufficient to withstand a demurrer for the want of facts. Counsel say, "He should have stated the facts in the case, that the court might have determined whether diligent search was made." We think that "diligent search" is a fact, broadly stated, it is true, but, by demurring to the paragraph, the relator admitted the truth of the fact, just as broadly as it was stated. If the relator wished a specific statement of the acts done by the constable, in making "diligent search," he certainly could not get it by demurring to the paragraph for the want of facts. His only remedy, if any, was a motion for a more specific statement of the facts. *The Cincinnati, etc., R. R. Co.* v.

*Chester*, 57 Ind. 297 ; *The Pennsylvania Co.* v. *Sedwick*, 59 Ind. 336 ; and *Barnett* v. *Leonard*, 66 Ind. 422.

Of the fifth paragraph of answer, the relator's counsel say : "The fifth paragraph fails to state when he was directed by plaintiff to return the execution. It may have been, after such delay on the part of the constable and the levy of other writs, that nothing could be made, and the making of further costs unjustifiable. This answer is obviously defective." The defect complained of by counsel is not apparent in the fifth paragraph of answer. It was alleged therein "that, upon the receipt of the execution by Philip Neff, Jr., as constable," he would have proceeded to demand property, and make a levy and sale thereon, but that he was prevented from doing so by the relator, who requested him not to levy the execution, but to return it to the justice by whom it was issued. It is not a forced construction of this allegation to say that it fairly imports that the constable was requested by the relator not to levy, but to return, the execution upon the receipt thereof.

Of the sixth and seventh paragraphs of answer, the relator's counsel say that they are similarly defective, and open to the same objections as the fifth paragraph. As we do not think that the objections of counsel to the fifth paragraph are well taken, our conclusion must be the same in regard to the sixth and seventh paragraphs of answer. The supposed defects therein are not apparent, and, if they were, they could not be reached by a demurrer for the want of facts, but only by a motion to make the defective allegations more certain and specific.

Of the eighth paragraph the relator's counsel say : "The eighth answer is bad, because it only goes to a part of the complaint, and does not traverse the averment that the sheriff of Allen county got in ahead of him and levied a writ upon Work's property. It is also an argumentative denial, if anything. It states merely the opinion of the officer, and

gives no facts as to the insolvency of Work.'' In the eighth paragraph of their answer the appellees alleged, in substance, ''that at the time of the receipt of the execution by Philip Neff, Jr., as constable, as in plaintiff's complaint mentioned, and from thence to the time said constable's term of office expired, to wit, October 17th, 1874, said execution defendant was wholly insolvent, and had no personal property subject to levy and sale under said execution, and for this reason said constable did not make a demand upon said execution defendant, and did not make a levy and sale under said execution; wherefore,'' etc. We are of the opinion that the relator's demurrer, for the want of facts, to this eighth paragraph of answer was correctly overruled. For, if the facts therein stated were true, and the demurrer concedes their truth, they would constitute a complete bar to the relator's cause of action under the bond in suit. The paragraph alleges a good defence to the entire cause of action stated in the complaint. If it can be properly termed an argumentative denial, such a denial is not always bad, and certainly is not in this case, on a demurrer thereto for the want of sufficient facts. Insolvency is a fact, and in this paragraph of answer the appellees averred the insolvency of the execution defendant as an existing fact, and not as a matter of opinion.

The second error assigned by the appellant's relator is the decision of the circuit court in overruling his motion for a new trial. In this motion a number of causes were assigned for such new trial, some of which, if not all, will be considered in this opinion. The relator's counsel have devoted a very considerable portion of their elaborate brief of this cause to the examination of the evidence in the record, and to the discussion of its alleged insufficiency to sustain the verdict. The view which we shall take of other questions presented by the record renders it unnecessary for us to examine critically or at any length the question whether or not the verdict of the jury was sustained by sufficient evi-

dence. We may say generally, however, that the evidence is conflicting and unsatisfactory. But, while this is the case, we can not disturb the verdict on the evidence; nor could we have done so, if the verdict had been for the relator instead of for the appellees. It seems to us, that the evidence in the record would have sustained a verdict for the relator, as fully and as satisfactorily as it sustains the verdict for the appellees. We think that evidence was introduced on the trial which tended to sustain the verdict on every material point; and the weight and credibility of the evidence were questions for the jury and the trial court.

We come now to the consideration of the instructions of the court to the jury, complained of as erroneous by the relator's counsel. In the first of these instructions, the court told the jury that to entitle the relator to recover in this action, it was necessary for him to establish by a preponderance of the evidence, among other facts mentioned, "that at the time the said Neff, as such constable, received said execution, the said Silas Work was the owner of personal property, subject to execution, of which the amount of said execution could have been made, and continued for a period of one month thereafter to be the owner of such property subject to execution." So, also, in the second instruction complained of, the court again informed the jury, in substance, that the relator could not recover, unless they found from the evidence, among other things, that at the time of the constable's receipt of said execution, and for one month thereafter, the execution defendant, Silas Work, was and had been the owner of personal property, subject to execution, "of which the amount of said execution could have been made."

It is insisted by the relator's counsel, that each of the said instructions, from which we have made the above quotations, was that far forth clearly erroneous, and would and probably did mislead the jury in arriving at their verdict. Coun-

sel well say, as it seems to us, that "if Work had property, subject to execution, out of which any portion of the amount could have been made, it was the duty of the officer to levy" thereon. This objection is, we think, well taken as to each of the said instructions. If the execution defendant was the owner of any personal property subject to execution, within the constable's bailiwick, at and for one month after his receipt of the relator's execution; it was clearly the duty of the officer, under the law, to levy on such property and make what he could out of it, without regard to the question whether he could or could not make the amount of the execution out of such property. If the constable failed in the discharge of his duty in this regard, the relator was certainly entitled to recover in this action whatever damages he had sustained by reason of such failure; and the court ought to have so instructed the jury, for they might well have found from the evidence before them, that at and during the month specified, Work was the owner of personal property subject to execution, out of which a part, at least, of the amount of said execution could have been made. *The State, ex rel.,* v. *Sandlin,* 44 Ind. 504.

Other objections are urged by the relator's counsel to the instructions of the court, as well to those given at the appellees' request as to those given of the court's own motion; but we deem it unnecessary for us to extend this opinion with an examination of those other objections. Enough has already been said, in this opinion, to show that the ends of justice will probably be subserved by a new trial of this cause; and, on such new trial, it is hardly possible, and certainly not probable, that the case will be given to the jury on the instructions now complained of. We are of the opinion that the court erred in overruling the motion for a new trial.

The files of this cause in this court show, that after the appeal was perfected, but before the case was submitted, the appellant's relator, Nicholas Shuckman, had died, and

Herman Schnicker had been duly appointed administrator of said decedent's estate. For the sake of convenience, we have used the relator's name in this opinion; but the judgment of this court in this cause will be rendered and entered in the name of said administrator, as the appellant's relator.

The judgment is reversed, at the appellees' costs, and the cause is remanded for a new trial and for further proceedings not inconsistent with this opinion.

Opinion filed at November term, 1880.
Petition for a rehearing overruled at May term, 1881.