The Cincinnati, Hamilton and Dayton R. R. Co. *v.* Chester.

———————◆———————

THE CINCINNATI, HAMILTON AND DAYTON R. R. Co. *v.* CHESTER.

NEGLIGENCE.—*Parent, Wife and Child.—Joinder of Actions.—Pleading.*—Where by means of the same negligent act of one person, bodily injuries are inflicted upon another, his wife and his minor child, resulting in the loss to him of his wife's services, and the expenditure by him of means and labor in healing and caring for himself and his child, all constitute but a single cause of action, and may be united in a single paragraph of a complaint to recover damages. therefor.

SAME.—*Action by Parent for Death of Child.—Misjoinder of Actions.*—An action by the father, to recover damages for the death of his minor child, caused by the negligence of another, is statutory, and can not be joined with an action by him to recover for personal injuries received by himself, though caused by the same negligent act.

SAME.—*Practice.—Motion to Separate into Paragraphs.*—Where a complaint contains several causes of action, a proper motion to separate them will lie; but, if made too broad, it should be overruled.

SAME.—*Railroad.—Allegations of Negligence.—Pleading.—Demurrer.—Motion to make Specific.*—In an action against a railroad company, to recover damages for injuries received by the plaintiff while travelling on the defendant's road, alleged to have been caused by the negligence of the defendant, the complaint alleged, that, "without any fault, carelessness or negligence on his part," etc., the car in which he was riding was, "by and through the fault, carelessness and negligence of the" defendant, her· agents and employees, thrown from the track, thereby causing the injuries complained of.

*Held*, on demurrer, that the allegation of negligence is sufficient.

*Held*, also, that a motion to make the complaint more specific in its allegation of negligence on the part of the defendant should have been sustained.

From the Wayne Circuit Court.

*W. A. Bickle* and *A. M. Sinks*, for appellant.

*J. C. McIntosh* and *B. F. Claypool*, for appellee.

Howk, J.—The appellee, as plaintiff, sued the appellant and The Cincinnati, Hamilton and Indianapolis Railroad Company, as defendants, in the Fayette Circuit Court.

Appellee's complaint is in a single paragraph; and, omitting the venue, the name of the court, and the signature of counsel, the complaint is in these words:

"Marion Chester complains of The Cincinnati, Hamilton and Indianapolis Railroad Company, a corporation organized and doing business in the State of Indiana, under the laws thereof, and The Cincinnati, Hamilton and Dayton Railroad Company, a corporation organized under the laws of the State of Ohio, defendants, and says, that heretofore, to wit, on the 31st day of December, in the year 1873, the said defendants were in possession, and had control, of a certain railroad, leading from the city of Hamilton, in the county of Butler, and State of Ohio, to the city of Indianapolis, and State of Indiana, and passing through the counties of Union, Fayette, Rush, Shelby, Hancock and Marion, in the State of Indiana, and passing by and through the city of Connersville, a regular station of said railroad, in said county of Fayette and State of Indiana, and were then and there engaged as common carriers, in the conveyance and transportation of passengers upon and along said railroad, to and from the said city of Hamilton, in the State of Ohio, to and from the said city of Indianapolis, in the State of Indiana, and to and from each railroad station upon and along said railroad between said cities of Hamilton and Indianapolis, for reward and hire; and the said plaintiff, having then and there purchased of and from said defendants at

the city of Hamilton, and State of Ohio, first-class passage and fare for himself, his wife, and his three infant children, and secured tickets therefor from said defendants, entitling him, the said plaintiff, and his wife, Charity H. Chester, and his said children, viz.: Effie B. Chester, aged four years, Emory B. Chester, aged two years, and Ernest Chester, aged one year, to such first-class passage and fare over and upon said railroad of said defendants, from said city of Hamilton to said city of Connersville, got upon a regular passenger train of said defendants' cars on said road of said defendants, and into the hindmost car of said train, with his said wife and children, as passengers, to be by said defendants safely transported from said city of Hamilton to said city of Connersville, and while on said car as aforesaid, with his said wife and children, to be transported and carried as aforesaid, without any fault, carelessness or negligence on his part, or on the part of his said wife and children, or either of them, said car, in which he and his said family were then and there riding and being carried by said defendants, was, at the county of Union, and State of Indiana, by and through the fault, carelessness and negligence of the said defendants, their agents and employees, thrown with great violence from said railroad track, over and down an embankment of the height of twenty feet, causing great injuries to the body and person of said plaintiff, and to the body and person of his said wife, and to the body and person of each of his said children, to the great damage of the plaintiff, as follows, viz :

"1st. The said plaintiff's left thigh and left arm were broken, and his body otherwise bruised and cut, from which he has ever since suffered, and does still suffer, great bodily pain and mental anguish; that he is, in consequence of said injuries, permanently disabled and rendered unfit for any kind of business pursuit, or the comfortable enjoyment of life or limb; that, in addition to his said suffering and disabilities, he has been put to

great expense for surgical and medical attendance, nursing, medicines, etc., in and about the attempted healing of said injuries, to the amount of five thousand dollars. Wherefore the plaintiff says, that, by reason of said injuries to his own body and person, received as aforesaid, by the fault, carelessness and negligence of the defendants, their agents and employees, and without any fault, carelessness or negligence on his part, he has sustained damages to the amount of thirty thousand dollars.

"2d.    And the plaintiff further says, that at the same time and place, and by the same fault, carelessness and negligence of said defendants, and without any fault, carelessness or negligence on her part or on the part of the said plaintiff, his said wife, Charity H. Chester, received great bodily injuries, wounds and bruises in and upon her limbs and body, by reason whereof she has been and is permanently disabled and rendered incapable of discharging her duties to the plaintiff, as his wife; and he has thereby lost her services as such, and he has been compelled to expend large sums of money in and about the healing of said injuries.    Wherefore the plaintiff says, that, in consequence of said injuries to his said wife, received as aforesaid, he has sustained damages in the further sum of five thousand dollars.

"3d.    And the plaintiff further says, that at the same time and place, by the same fault, carelessness and negligence of said defendants, and without any fault, carelessness or negligence of the plaintiff or his child hereinafter named, viz., Emory B. Chester, said child, Emory B. Chester, son of the plaintiff, of the age of two years, received great and deadly injuries, wounds and bruises, from which he then and there died, without any fault of the plaintiff or other person or persons than the defendants, as aforesaid.    Wherefore the plaintiff says he has sustained damages in the further sum of five thousand dollars.

"4th.    And the plaintiff further says, that at the same

time and place, by reason of the same fault, carelessness and negligence of the defendants, without any fault, carelessness or negligence of the plaintiff, or of his child hereinafter named, viz., Effie B. Chester, daughter of the plaintiff, of the age of four years, said child received great bodily injuries, wounds and bruises on the face and body, by means whereof said child is, and was, greatly disabled and disfigured, and suffered great bodily pain, and is thereby disfigured for life, without any fault or negligence of the plaintiff or any other person or persons other than the defendants as aforesaid; and the plaintiff says, that he has incurred great expense and labor in and about the healing of said child, to wit, to the amount of five hundred dollars, and by reason of said fault, carelessness and negligence of the defendants toward and in relation to said child, he has sustained damages in the further sum of five thousand dollars.

"Wherefore, in consideration of the premises and of the several causes of action in this complaint stated, the plaintiff demands judgment for fifty thousand dollars."

The defendants severed in their defence to this action, but as the jury, in their verdict, found for the defendant The Cincinnati, Hamilton and Indianapolis Railroad Company, and it had judgment in its favor, we shall notice only the several motions and pleadings of the appellant, in this opinion.

The appellant moved the court, in writing, for an order requiring the appellee to separate the different causes of action in his complaint into separate paragraphs, and number them respectively, thus:

"1st. All that relates to the injuries of Marion Chester in one paragraph;

"2d. All that relates to the injuries of Charity Chester in another and separate paragraph;

"3d. All that relates to the injuries of Emory B. Chester in another and separate paragraph;

"4th.   All that relates to the injuries of Effie B. Chester in another and separate paragraph;

"5th.   All that relates to the injuries of Ernest Chester in another and separate paragraph."

This motion was overruled, and to this decision the appellant excepted; and the motion, decision and exception were made part of the record by a proper bill of exceptions.

Appellant also moved the court, in writing, to require the appellee to make his complaint more specific, definite and certain in regard to the charge of negligence and carelessness.   This motion was also overruled, and to this decision the appellant excepted; and the motion, decision and exception were properly made part of the record by a bill of exceptions.

Appellant then demurred to appellee's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrer was overruled, and to this decision the appellant excepted.

And the appellant then answered by a general denial of each and every allegation in appellee's complaint.

And the action being at issue, on the appellant's application the venue thereof was changed from the said Fayette Circuit Court to the court below.

The cause was tried by a jury in the court below, and a verdict was returned in favor of the appellee, as against the appellant, assessing his damages at the sum of eighteen thousand dollars.   Appellant moved the court below, in writing, for a new trial, which motion was overruled, and to this decision the appellant excepted.   And judgment was rendered on the verdict, from which judgment this appeal is prosecuted.

In this court, the following alleged errors of the court below have been assigned by the appellant:

1st.   In overruling appellant's motion for an order requiring the appellee to separate the different causes of

action, stated in his complaint, into distinct and separate paragraphs;

2d. In overruling appellant's motion for an order requiring the appellee to make his complaint more specific, definite and certain in regard to the charge of negligence and carelessness;

3d. In overruling appellant's demurrer to appellee's complaint; and,

4th. In overruling appellant's motion for a new trial.

We will briefly consider some of the questions presented by these alleged errors, in the order of their assignment. And, first, did the court below err in overruling the appellant's motion for an order requiring the appellee to separate his complaint, or the different causes of action stated therein, into distinct and separate paragraphs?

It is very clear, we think, that the appellee's complaint in this cause does state at least two separate and distinct causes of action; but it is not so clear, that it states any more than two causes of action. It seems to us, that the appellee's alleged damages for his personal injuries, and the damages resulting from the injuries to his wife, whereby he lost her services, and the appellee's damages for expenses and labor in and about the healing of the injuries of his child Effie, all of which, as it was claimed, resulted from the same negligence and carelessness of the appellant, and enured to the appellee in his own personal right, might properly be sued for by the appellee in a complaint of but a single paragraph, as they would really constitute but a single cause of action. But the appellee has sued, in the same complaint of a single paragraph, for the recovery of damages for the death of his child, Emory B. Chester, from the alleged negligence and carelessness of the appellant. This cause of action is given by statute, and is separate and distinct from the other cause of action stated in appellee's complaint.

We are clearly of the opinion, that these two causes of

action were improperly united in appellee's complaint. Even if these two causes of action had been stated in separate paragraphs, we think that they ought not to have been united in the same complaint, or in the same action. For the one paragraph would have stated a cause of action in favor of the appellee in his own right; while the other paragraph would have stated a cause of action in the appellee's favor, but for the benefit of the next of kin of his deceased child, Emory B. Chester.

It is true, that under section 27 of our practice act, the appellee might maintain an action in his own name for damages resulting from the death of his child, if occasioned, as alleged, by the wrongful act or omission of the appellant. 2 R. S. 1876, p. 44. But it is also true, that, under section 784 of the same act, the damages recovered in such an action " must inure to the exclusive benefit of the * * * next of kin, to be distributed in the same manner as personal property of the deceased." 2 R. S. 1876, p. 309.

It has been held by this court, and we think correctly, that these two sections of the practice act must " be construed together, and, as far as possible, effect must be given to the provisions of each." *The Pittsburgh, etc., R. W. Co.* v. *Vining's Adm'r*, 27 Ind. 513.

It is clear to our minds, that this alleged cause of action for the recovery of damages for the death of his child, in favor of the appellee as the father of the child, was improperly joined by the appellee with an alleged cause of action in his own right, for personal injuries to himself, in his complaint in this cause. And this would have been so, in our opinion, as we have already said, even if the two causes of action had been separately stated in separate and distinct paragraphs.

It does not follow, however, from the views we have expressed on this subject, that, in our opinion, any error was committed by the court below in overruling the appellant's motion for an order requiring the appellee to

separate his complaint into paragraphs. This motion was in writing, and was an entirety; and from what we have said, it will be readily seen that the motion made was too broad, and did not reach the objection we have been considering to appellee's complaint. Our conclusion is, that no error was committed in overruling the appellant's motion to separate the appellee's complaint into separate paragraphs.

The appellant has also assigned, as an alleged error of the court below, the overruling of its written motion for an order requiring the appellee to make his complaint more specific, definite and certain, in regard to the charge of negligence and carelessness.

In our opinion, this motion was a proper one, made at the proper time, and should have been sustained. The general charge of the negligence and carelessness of the appellant was made and repeated, again and again, in appellee's complaint; but in no instance was this general charge predicated upon any alleged act of the appellant, either of commission or omission. What the appellant did, or omitted to do, of which it could be said that it was done, or omitted to be done, through the fault, negligence and carelessness of the appellant, the appellee has failed to allege in his complaint. Had the appellant negligently and carelessly constructed its line of railroad? Or had the appellant negligently and carelessly suffered its line of road to get and remain in bad repair and in an unsafe condition? Or, again, had the appellant's employees negligently and carelessly run its train of cars over its road? Or in what did the negligence and carelessness of the appellant consist, of which the appellee complained? The negligence and carelessness of the appellant were the gist of appellee's cause of action, and the rules of good pleading certainly required that the appellee should state in his complaint, with clearness and precision, the partic-

ular acts of the appellant on which he predicated his charge of negligence and carelessness.

Chitty says: "A general statement of facts, in a complaint or answer, which will admit of almost any proof, is certainly bad pleading." 1 Chitty Pl. 232.

It was held by this court, in the case of *The Jeffersonville, etc., R. R. Co.* v. *Dunlap*, 29 Ind. 426, that, where negligence is pleaded, the particular act or omission must be stated. And, upon the subject we are now considering, this court said: "Certainly every rule of pleading which can be applied to the subject, while dispensing with the necessity of a prolix statement of the particulars constituting negligence, do require that the act which was characterized by negligence shall be stated." We fully approve of the doctrine of this case, and accordingly, in the case now before us, we hold that error was committed by the Fayette Circuit Court, in overruling the appellant's motion for an order requiring the appellee to make his complaint more specific, definite and certain in regard to his charge of the negligence and carelessness of the appellant.

The appellant's demurrer to the appellee's complaint was correctly overruled. There were facts alleged in the complaint, if they had been properly pleaded, sufficient to constitute several causes of action; and the improper pleading could not be reached by a demurrer to the complaint for the want of sufficient facts.

The remaining error assigned by the appellant was the overruling of its motion for a new trial.

We need not now consider any of the questions presented by this alleged error, as they relate chiefly to alleged errors of law occurring at the trial, which may not occur on a new trial of this cause.

The judgment of the court below is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's motion for an order re-

quiring the appellee to make his complaint more specific in regard to the charge of the appellant's negligence, and for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.