No. 10,287.

## HAWLEY v. WILLIAMS, EXECUTOR.

NEGLIGENCE.—*Physician.*—*Complaint for Malpractice.*—A complaint against a physician for negligence in treating a patient should allege specifically the things concerning which negligence is imputed, and, if it fail in this, it is error to overrule a motion to make more specific.

From the Fayette Circuit Court.

*B. F. Claypool*, *L. W. Florea* and *J. H. Claypool*, for appellant.

*J. W. Connaway* and *T. D. Evans*, for appellee.

HAMMOND, J.—The appellee's testatrix sued the appellant

in the Union Circuit Court to recover damages for his alleged malpractice, as a physician, in treating her during her illness in March, 1879. The venue of the case was changed to the court below, and there tried by a jury in April, 1882, resulting in a verdict for the plaintiff for $1,000. After appeal to this court, the death of Eliza A. Hawley, the plaintiff below, being suggested, the name of her executor, George Williams, was substituted as appellee.

The complaint of the appellee's testatrix, omitting the title, was in two paragraphs, as follows:

"1. Said plaintiff complains of said defendant, and says that on the — day of ———, 1879, at the county of Union, and State of Indiana, the plaintiff, at the request of the defendant, retained and employed the defendant as a physician to attend upon the plaintiff and endeavor to cure her of an illness under which she then labored, for reward; and the defendant accepted and entered upon the said retainer and employment; yet the defendant conducted himself in an ignorant and unskilful and negligent manner in that behalf, whereby the plaintiff, without any fault or negligence on her part, became worse and was greatly injured in her health and constitution, and suffered pain and was prevented from following her usual employment and her recovery greatly delayed, and disease of the lungs contracted, whereby she was damaged in the sum of $3,000. Wherefore," etc.

"2. And for a second and further cause of action against the defendant, the said plaintiff says that the said defendant was a practicing physician and surgeon at said county and State, and on the — day of ———, 1879, and thereafter for a long time, was called upon by the plaintiff to visit and attend her and endeavor to cure her of an illness under which she then labored and was therefrom sick; and the said defendant was then, and on divers days and times after said last mentioned day and before the time of bringing this suit, requested by the plaintiff to treat her and to administer the proper med-

icines and treatment for the cure of plaintiff; and the said plaintiff says that the said defendant, on the days and times aforesaid, undertook, as such physician and surgeon, to administer medicines and to treat plaintiff for her said sickness and ailment; and the plaintiff avers that the said defendant so negligently and unprofessionally managed and treated said plaintiff that she became, by reason thereof, sick and permanently diseased with a dangerous disease which has totally destroyed and impaired her health and caused her to become an invalid and to be totally, from that time to the bringing of this suit, an invalid, and to require constant nursing, change of climate and other physicians, so that her health is entirely ruined; and the plaintiff avers that during the sickness aforesaid of plaintiff, and while defendant was treating her, he so negligently and unskilfully and unprofessionally administered said medicines, and then and there also gave and administered such poisonous, noxious and improper drugs to said plaintiff that she was thrown into spasms, became diseased with a complication of diseases and all her physical power to do and perform her ordinary duties failed her; whereby she has been damaged in the sum of $3,000. Wherefore plaintiff demands judgment for $3,000," etc.

The appellant filed his motion, in writing, to require the testatrix to make each paragraph of her complaint more specific as to the nature of her sickness and disease; the nature and manner of the appellant's treatment of her; the kind of medicines administered, and the particulars of her grievances. This motion was overruled, an exception was properly saved, and the assignment of errors requires us to determine the correctness of the ruling upon this motion.

Had no objection been taken to the complaint by way of motion to make its averments more specific as to the acts of negligence and unskilfulness complained of, it may be that each paragraph would be sufficient on demurrer; but whether it would be good upon demurrer or not, a point we do not decide, we are quite sure that the appellant's motion to make

its allegations more specific should have been sustained. It will be observed that the averments of the complaint are made in the most general way. It is impossible to gather from them any idea of the nature of the testatrix's illness, nor what the appellant did or omitted to do that constituted the negligence and unskilfulness complained of. While the complaint is full of conclusions, it is wholly barren of any specific statement of facts.

In *Jeffersonville, etc., R. R. Co.* v. *Dunlap*, 29 Ind. 426, this court said: " So far as we are aware, all the forms, and certainly every rule of pleading which can be applied to the subject, while dispensing with the necessity of a prolix statement of the particulars constituting negligence, do require that the act which was characterized by negligence shall be stated."

*The Cincinnati, etc., R. R. Co.* v. *Chester*, 57 Ind. 297, was an action to recover damages from the railroad for injuries received by the plaintiff, and members of his family, while being carried as passengers on the defendant's railroad. The averments in the complaint as to negligence were as follows: " While on said car as aforesaid, with his said wife and children, to be transported and carried as aforesaid, without any fault, carelessness or negligence on his part, or on the part of his said wife and children, or either of them, said car, in which he and his said family were then and there riding and being carried by said defendants, was, at the county of Union, and State of Indiana, by and through the fault, carelessness and negligence of the said defendants, their agents and employees, thrown with great violence from said railroad track, over and down an embankment of the height of twenty feet, causing great injuries," etc. A motion to make the complaint more specific in regard to the charge of negligence having been overruled by the trial court, this court upon that point says: " In our opinion, this motion was a proper one, made at the proper time, and should have been sustained. * * * What the appellant did, or omitted to do, of which it could be said that it was done, or omitted to be done, through the fault, neg-

ligence and carelessness of the appellant, the appellee has failed to allege in his complaint. Had the appellant negligently and carelessly constructed its line of railroad? Or had the appellant negligently and carelessly suffered its line of road to get and remain in bad repair and in an unsafe condition? Or, again, had the appellant's employees negligently and carelessly run its train of cars over its road? Or in what did the negligence and carelessness of the appellant consist, of which the appellee complained? The negligence and carelessness of the appellant were the gist of appellee's cause of action, and the rules of good pleading certainly required that the appellee should state in his complaint, with clearness and precision, the particular acts of the appellant on which he predicated his charge of negligence and carelessness."

In the case at bar the testatrix's cause of action was based on the unskilfulness and negligence of the appellant as a physician in professional attendance upon her during her sickness. The complaint fails to allege a single act performed or omitted by the appellant, constituting the unskilfulness or negligence complained of. We think, in the language of the appellant's brief, that "the bare allegation that appellant 'conducted himself in an ignorant and unskilful and negligent manner in that behalf,' uncoupled with any statement of facts, showing wherein appellant acted ignorantly, unskilfully or negligently, is simply pleading a conclusion, and we know of no rule of law that excepts this class of cases from the established rules of pleading in general, which require that facts, not conclusions, be stated in the pleadings."

Counsel for the appellee insist that a more particular statement of the facts was unnecessary, as all these are presumed to have been well known to the appellant. This position will not do. Logically carried out to its full extent, it would dispense entirely with a complaint in an action of this kind.

We think that a physician charged with negligence and unskilfulness in the practice of his profession is entitled to be advised of the specific acts of commission or omission which

constitute the negligence and unskilfulness complained of, so that the plaintiff's proof may be confined to such acts, and so that he may reasonably prepare for his defence.

Other errors are complained of, but as the judgment will have to be reversed they need not be considered.

Judgment reversed, and cause remanded, at appellee's costs, with instructions to the court below to sustain the appellant's motion to make each paragraph of the complaint more specific upon the points set out in said motion.