Pennsylvania Company v. Dean, by His Next Friend.

Filed Jan. 8, 1884.

———————◆———————

No. 10,755.

PENNSYLVANIA COMPANY v. DEAN, BY HIS NEXT FRIEND.

NEGLIGENCE.—*Railroad.—Personal Injury.—Complaint.—Motion to Make Specific.*—A complaint against a railroad company for a personal injury alleged that the plaintiff, without his fault or negligence, was injured, thus: "Being on one of said defendant's trains, the servants of the defendant, while said train was in motion, ordered and compelled him to jump from said train, the coaches of which passed over his lower limbs," whereby, etc., "that said injuries were committed and perpetrated upon him by the carelessness and negligence of the defendant's servants," etc.

*Held,* that the refusal of a motion to make more specific, by showing by what right the plaintiff was on the train, and also more particularly the negligence of the defendant's servants, was error.

From the Clark Circuit Court.

*S. Stansifer* and *W. D. Stansifer*, for appellant.

*J. G. Howard,* — *Whitaker* and — *Parsons*, for appellee.

HAMMOND, J.—The appellee, being a minor, brought this action by his *prochein ami* against the appellant and the Jeffersonville, Madison and Indianapolis Railroad Company, to recover damages for an injury received upon the defendants' railroad. The defendants severed in their defences. The case was tried by a jury, resulting in a verdict and judgment in favor of the Jeffersonville, Madison and Indianapolis Railroad Company, but against the appellant.

The appellant, at the proper time, moved that the appellee's complaint be made more specific. This motion was overruled. It then demurred unsuccessfully to the complaint. Its motion for a new trial was also overruled. To these rulings proper exceptions were taken, and the assignment of errors calls their correctness in question in this court.

The complaint was as follows:

"The complainant, Frank B. Dean, who is an infant and sues by his next friend, John Rauschenberger, complains of the defendants, the Pennsylvania Company and the Jeffersonville, Madison and Indianapolis Railroad, and says that on the 14th day of February, 1880, in the city of Jeffersonville, Indiana, the grievances hereinafter set out were done and committed to and upon him by the servants, agents and employees of the defendants, and that at the time the injuries were inflicted upon him he was without fault or negligence contributing to the same. He says that the defendants are corporations, created by law, and having authority to carry on their business, viz., that of a steam railway in the State of Indiana, having all the privileges usually conferred by law upon such corporations. He says that under defendant Pennsylvania Company's control and lesseeship is a local railway, operated and run by steam locomotives, connecting the cities of Louisville, Jeffersonville and New Albany, by way of the Ohio river bridge, and that said local railway runs through a por-

tion of the city of Jeffersonville, Indiana, a portion of which lies between Wall and Spring streets; that while passing over said road, and while between said streets in said city, the infant plaintiff Frank B. Dean being on one of said defendants' trains, the agents, servants and employees of said defendants, while said train was in motion, ordered and compelled said infant plaintiff to jump from said train of cars, the coach or coaches of which, passed over his lower limbs, breaking his leg, maiming and horribly crushing his feet and otherwise painfully bruising his body, from which injuries said plaintiff has been rendered an invalid for life. Plaintiff alleges and charges that said injuries were committed and perpetrated upon him by the carelessness and negligence of the agents, servants and employees of said defendants, to his great damage in the sum of $20,000, and that said infant plaintiff, he avers, was without fault or negligence which contributed to the same. Wherefore," etc.

The defendants, in their motion to have the complaint made more specific, asked that the appellee be required to show by proper averment of facts by what right he was upon the train at the time of receiving the injury; and also that he be required to make the averments of negligence upon the part of the defendants' agents and servants more specific.

The averment of the complaint simply shows that the appellee was on the appellant's train when he was ordered and commanded to jump off. Whether he was there as a passenger, an employee or a trespasser does not appear. We think the appellant was entitled to have the appellee allege in his complaint in what capacity he was upon the train. The rights and liabilities of the appellant could not intelligently be adjudicated without the knowledge and consideration of the fact thus sought to be developed. If the appellee was upon the train as a passenger, having paid, tendered, or been in readiness to pay his fare, then the appellant was charged with a very high duty and responsibility to carry him safely, and to protect him from the wrongful and negligent acts of

all its employees, whereby his security might have been en-- dangered; and in such case, if from a failure to discharge this duty, the appellee received an injury, the appellant would be liable for damages therefor. *Chicago, etc., R. R. Co. v. Flexman,* 103 Ill. 546 (42 Am. R. 33) ; *Gillenwater* v. *Madison,, etc., R. R. Co.,* 5 Ind. 339 ; *Jeffersonville R. R. Co.* v. *Hendricks,.* 26 Ind. 228 ; *Evansville, etc., R. R. Co.* v. *Duncan,* 28 Ind. 441 ; *Jeffersonville, etc., R. R. Co.* v. *Riley,* 39 Ind. 568 ; *Columbus, etc., R. W. Co.* v. *Powell,* 40 Ind. 37 ; *Ohio, etc., R. W. Co.* v. *Selby,* 47 Ind. 471 (17 Am. R. 719) ; *Jeffersonville, etc., R. R. Co.* v. *Parmalee,* 51 Ind. 42 ; *Cleveland, etc., R. R. Co.* v. *Newell,* 75 Ind. 542 ; *Terre Haute, etc., R. R. Co.* v. *Jackson,* 81 Ind. 19..

If, however, the appellee was on the train as an employee,, the appellant would not be liable for an injury resulting from an act of a co-employee unless it was shown that such co-em- ployee was incompetent or unfit for the employment in which he was engaged, and that the appellant was guilty of negli- gence in engaging or retaining him in its service. *Columbus,, etc., R. W. Co.* v. *Arnold,* 31 Ind. 174 ; *Pittsburgh, etc., R. W. Co.* v. *Ruby,* 38 Ind. 294 (10 Am. R. 111) ; *Hildebrand* v. *Toledo, etc., R. W. Co.,* 47 Ind. 399 ; *Gormley* v. *Ohio, etc.,, R. W. Co.,* 72 Ind. 31 ; *Ohio, etc., R. W. Co.* v. *Collarn,* 73 Ind. 261 (38 Am. R. 134).

But if the appellee was on the train without right, being a mere trespasser, the fact that the injury was occasioned by the negligence or unlawful acts of the appellant's employees,, would not make the appellant liable unless it further appeared that the acts complained of occurred within the scope of the servants' employment. *Everhart* v. *Terre Haute, etc., R. R. Co.,* 78 Ind. 292 (41 Am. R. 567) ; *Flower* v. *Pennsylvania R. R. Co.,* 69 Pa. St. 210 (8 Am. R. 251) ; *Towanda Coal Co.* v. *Heeman,* 86 Pa. St. 418 ; *Golden* v. *Newbrand,* 52 Iowa, 59 (35 Am. R. 257) ; *Marion* v. *Chicago, etc., R. R. Co.,* 59 Iowa, 428 ; *New Orleans, etc., R. R. Co.* v. *Harrison,* 48 Miss. 112 (12 Am. R. 356) ; *Wright* v. *Wilcox,* 19 Wend. 343 ; *Mali* v. *Lord,* 39 N. Y. 381 ; *Fraser* v. *Freeman,* 43 N. Y. 566 (3

Am. R. 740); *Little Miami R. R. Co.* v. *Wetmore*, 19 Ohio·
St. 110.

The above legal propositions, abundantly sustained by the·
authorities cited, show that the capacity in which the appel-
lee was upon the train at the time of the wrong·complained
of was an indispensable fact to consider in determining the·
appellant's liability.

We think, also, that the appellee should have been re-
quired to make his complaint more specific respecting the·
negligence of the appellant's employees.   He alleges in his
complaint that the train was in motion, but whether moving
rapidly or slowly is not stated.   The averment might be true,,
and yet the train moving at such a moderate rate of speed as·
not to make the alighting from it necessarily, or even proba-
bly, dangerous.

The appellant, without giving his age, states that he was·
an infant.   This would have been true if he was ever so near,
but not quite, twenty-one years of age.   The simple aver--
ment of infancy conveys no adequate idea of his ability or·
inability to take care of himself.   It is alleged that the ap-
pellant's agents, servants and employees ordered and com-
pelled the appellee to jump from the train.   These are con--
clusions.   What was done in ordering and compelling him
to jump from the train should have been stated.   Facts not
conclusions should have been averred, showing how, and the
circumstances under which, the appellee was ejected from the
train, together with such other matters pertaining to the in-
jury as would enable the court, in ruling on the demurrer to
the complaint, to determine whether the appellant, on the·
facts stated, was liable.   It is too plain, we think, for contro--
versy, that the appellant's motion to require the appellee to
make his complaint more specific should have been sustained.
The overruling of that motion was an error for which the
judgment below will have to be reversed.   Section 376, R.
S. 1881; *Cincinnati, etc., R. R. Co.* v. *Chester*, 57 Ind. 297;·
*Volger* v. *Sidener*, 86 Ind. 545; 1 Works Pr.,· section 493.

The conclusion reached makes it unnecessary to consider other alleged errors.

Judgment reversed, at appellee's costs, with instructions to the court below to sustain the motion to make the complaint more specific as to the points referred to in this opinion, and for further proceedings.

