No. 10,778.

## CLEVELAND, COLUMBUS, CINCINNATI AND INDIANAPOLIS RAILWAY COMPANY *v.* WYNANT.

NEGLIGENCE.—*Sufficiency of Complaint.—Demurrer.—Motion.*—In an action to recover damages for personal injuries caused, as alleged, by the negligence of the defendant, a general charge of such negligence is sufficient to withstand a demurrer to the complaint, for the want of facts; and, in general, objections to the sufficiency of a complaint, on the ground that its allegations in regard to negligence are not full, clear or explicit, can not be reached by a demurrer for the want of facts, but only by a motion to make the complaint, or the particular allegation, more certain and specific.

PRACTICE.—*Allegations and Evidence.—Material Variance.—New Trial.—Error.*—The plaintiff must recover upon and according to the allegations of his complaint, or not at all; and where he obtains a verdict upon evidence which makes or tends to make a case materially different from the case stated in his complaint, it is error to overrule the defendant's motion for a new trial.

From the Madison Circuit Court.

*H. H. Poppleton, M. S. Robinson, J. W. Lovett, A. C. Harris* and *W. H. Calkins,* for appellant.

*H. D. Thompson* and *T. B. Orr,* for appellee.

HOWK, J.—The first error of which the appellant complains here is the overruling of its demurrer to each paragraph of appellee's complaint. The complaint contained two paragraphs. In the first paragraph, the appellee alleged that the appellant was the owner of, and for ten years last past had been operating, a railroad from the city of Cleveland, in the State of Ohio, to the city of Indianapolis, in this State, through the county of Madison, and that its railroad passed

over and across the highway leading from the city of Anderson to the town of Pendleton, both in Madison county; that, in 1867, the appellant constructed a branch railroad, leading from the main line of its road to a gravel bank in said county, of the length of about one mile, and had owned and operated such branch railroad continuously since its construction, which branch crossed the aforesaid highway in Madison county; that, on March 22d, 1882, the appellant placed about forty box and flat cars on the track of its branch railroad, at and near its crossing of the above described highway, one of which box cars the appellant then placed upon and partially across such highway, which box car as so placed by appellant extended twenty-four feet upon the highway, and to the edge of the part of the highway then used by the public as their route of travel, and then and there unlawfully permitted such car to obstruct the highway and the travel thereon; that, on the day last named, the appellee was going from her home in said county to the city of Anderson, in a two-horse spring-wagon drawn by two quiet and gentle horses; that when she came with said team of horses to the crossing of the highway by such branch railroad, the appellant by carelessly, negligently and unlawfully permitting said box car, in its then condition, to remain upon such highway as aforesaid, caused the said team of horses and each of them to become frightened and unmanageable, and to run away, and in their fright to overturn the wagon in which appellee was riding, and threw her out of the wagon, thereby breaking her arm and greatly injuring her body, causing her great bodily and mental pain and suffering, etc., all of which was done and caused by the appellant, without appellee's fault or negligence, to her damage in the sum of $5,000, for which she demands judgment, etc.

In the second paragraph of her complaint, the appellee alleged that, on March 22d, 1882, the appellant being the owner of a railroad and the cars and locomotives proper for

Cleveland, Columbus, Cincinnati and Indianapolis R. W. Co. v. Wynant.

operating the same, and then engaged in operating the same, the appellee then going along one of the public highways of Madison county, in a two-horse spring-wagon drawn by two quiet and safe horses; that by reason of the negligence and carelessness of the appellant, unlawfully permitting an empty box car to remain on the track of its railroad, and to unlaw-fully remain in and upon such highway where appellee was compelled to travel, and by reason of such box car being so in the highway as above stated and "in its then condition," the said horses became frightened and ran away, overturning the wagon and throwing appellee upon the ground and against a fence, by reason of which her arm was broken, and she was otherwise greatly injured and caused to suffer great bodily and mental pain, and to entirely lose the use of her arm; all of which was caused by the carelessness and negligence of appellant, without any fault or negligence of the appellee, by reason of which she sustained damages in the sum of $5,000, for which sum she demanded judgment, etc.

Appellant's counsel earnestly insist, in argument, that the facts stated in each of these paragraphs of complaint are insuffi-cient to constitute a cause of action. It must be confessed that the facts of the case are not very fully or accurately stated in either paragraph, and, especially, in the second paragraph of the complaint. But it must be borne in mind, in consider-ing this question, that all the facts well pleaded, whether fully or accurately stated or not, by force and for the pur-poses of the demurrer, are admitted to be true precisely as the same are pleaded. Thus considering the objections urged by appellant's counsel to appellee's complaint, in the case in hand, we have no difficulty in reaching the conclusion that none of them are well taken, as to either paragraph of the complaint, by the demurrers thereto for the want of sufficient facts. The argument of counsel is chiefly devoted to the con-sideration of the alleged insufficiency of the facts stated in the second paragraph of complaint to constitute a cause of action. Counsel say of this paragraph, that its allegations

negative the idea that the box car was placed in and upon the highway by the appellant. We find no such negation in the paragraph. It simply fails to allege how or by whom the car was placed there, and it can hardly be said that this silence of the paragraph upon the subject either affirms or negatives the idea that the car was placed there by the appellant. This paragraph substantially charges that the appellant unlawfully permitted an empty box car, on the track of its railroad, to unlawfully remain in and upon the highway where appellee was compelled to travel, etc. That is, without any statement as to how or by whom the car was placed there, it is charged that the appellant unlawfully permitted it to remain in and upon the highway. In section 2170, R. S. 1881, in force since September 19th, 1881, it is made a criminal offence punishable by fine to permit or suffer a railroad train, " used for carrying freight," to remain standing across any public highway, street or alley. We know that box cars are ordinarily used for carrying freight, and when it was charged that appellant permitted an empty box car to unlawfully remain in and upon the public highway, the appellant was thereby charged with the violation of a positive statute prohibiting the wrongful obstruction of a public highway. Section 1964, R. S. 1881. The act of the appellant in permitting the empty box car to remain in and upon the public highway was an unlawful act, and it was charged in effect that this act was occasioned by the appellant's negligence.

It is settled by the decisions of this court, that a general allegation of negligence is sufficient to withstand a demurrer to the complaint for the want of facts; and that, under such allegation, the facts constituting negligence may be given in evidence. *Indianapolis, etc., R. R. Co.* v. *Keeley,* 23 Ind. 133; *Ohio, etc., R. W. Co.* v. *Selby,* 47 Ind. 471; *Pittsburgh, etc., R. R. Co.* v. *Nelson,* 51 Ind. 150. So, too, it has been repeatedly held by this court, where it was claimed that the allegations of the complaint in regard to negligence were not suffi-

ciently full, clear and explicit, that the objection could not be reached by a demurrer for the want of facts, but only by a motion to make the complaint, or the particular allegation thereof, more specific.   *Cincinnati, etc., R. R. Co.* v. *Chester,* 57 Ind. 297 ; *Hawley* v. *Williams,* 90 Ind. 160; *Pennsylvania Co.* v. *Dean,* 92 Ind. 459.

Appellant's counsel further insist that the second paragraph of complaint is bad on demurrer, because "it is not even charged therein that the horses took fright at the car." We think, however, that the paragraph is not fairly open to this objection. The allegation of the paragraph, on this point, is that by reason of the box car being so in the highway as above stated, and "in its then condition," the horses became frightened, etc. This averment is somewhat vague and uncertain, it is true; but the remedy for such a defect in pleading, as we have already said, is by motion, and not by demurrer. The phrase, "in its then condition," is a meaningless expression and adds nothing to the force of the averment; but, rejecting this expression as mere surplusage, we think the allegation shows with certainty, sufficient on demurrer, that the pleader intended to and does charge that the horses took fright at the car.

A number of other objections are urged by appellant's counsel to the sufficiency of each of the paragraphs of appellee's complaint, but, as to these objections, it is enough for us to say that none of them, in our opinion, are properly presented for our decision by the errors assigned upon the overruling of the demurrers to the complaint. We need not, therefore, and do not extend this opinion in the separate consideration of these objections. While we can not commend either of the paragraphs of complaint as a model of good pleading, yet we think that each of them stated facts sufficient to withstand the appellant's demurrers. Each of them stated, substantially, that by the appellant's negligence in permitting an empty box car to unlawfully remain in and upon the public highway mentioned, the appellee's team of horses

became frightened at such box car, ran away, etc. In the first paragraph it was charged, in addition to what we have last stated, that the appellant unlawfully *placed* the box car in and upon the highway, and this was the material difference between the two paragraphs.

Appellant's counsel very earnestly insist that the court erred in overruling the motion for a new trial, upon the ground that the verdict of the jury was not sustained by sufficient evidence. We think this point is well taken. Of course, evidence tending to prove the appellant's negligence in relation to the box car, as charged in either paragraph of the complaint, is not alone sufficient to entitle the appellee to recover damages for the injuries she sustained. It must be shown also by the evidence, that the appellee's injuries were occasioned not only by the appellant's negligence as the proximate cause, without contributory negligence on her part, but substantially in the manner alleged in the complaint. It was charged in each paragraph of complaint, that the appellee's team of horses became frightened at the empty box car, negligently and unlawfully suffered by appellant to remain in and upon the public highway, and ran away, etc. There is no evidence in the record tending to prove that appellee's team became frightened at the car; on the contrary, we think the evidence utterly refutes the charge that the team took fright at the car. It was shown by the evidence that the horses were quiet and gentle, and so much accustomed to cars and the noise of railroad trains that they would stand quietly within a few feet of a swiftly running train. The appellee and her husband were together at the time the team ran away, and were witnesses on the trial of this cause. Neither of them testified, nor did any other witness, that the horses became frightened at the car. Appellee testified: "The horses got scared at the noise that was made. I could not tell what did it, but it was the noise that scared the horses." When asked if she could describe the noise, her answer was: "No, sir; it was a kind of racket, enough to scare horses." Her husband

testified to the effect that the horses became frightened at a noise in a car that was on the railroad out in the public highway. There is no other evidence in the record in conflict with that of the appellee and her husband. We are of opinion, therefore, that there is an absolute failure of evidence to sustain the case made by the material allegations of the complaint.

It has often been held by this court that the plaintiff must recover *secundum allegata et probata*, or not at all. In *Boardman* v. *Griffin*, 52 Ind. 101, the court said: "It would be folly to require the plaintiff to state his cause of action, and the defendant to disclose his grounds of defence, if, on the trial, either or both might abandon such grounds and recover upon others which are substantially different from those alleged." To the same effect, substantially, are the following more recent cases: *Terry* v. *Shively*, 64 Ind. 106; *Perry* v. *Barnett*, 65 Ind. 522; *Thomas* v. *Dale*, 86 Ind. 435.

A new trial ought to have been granted the appellant in the case in hand, because the evidence did not tend even to sustain the verdict on every material point.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.

Filed Jan. 29, 1885. Petition for a rehearing overruled March 17, 1885.