Cleveland, Columbus, Cincinnati and Indianapolis R. R. Co. v. Wynant.

No. 13,366.

THE CLEVELAND, COLUMBUS, CINCINNATI AND INDIAN-
APOLIS RAILROAD COMPANY v. WYNANT.

RAILROAD.— *Leaving Cars in Highway.* — *Frightened Horses.*—*Liability for
Injury Caused by.*— *Complaint.*—A complaint against a railroad company
for damages caused by the plaintiff's horses taking fright at cars alleged
to have been "unlawfully, carelessly and negligently placed upon a
public highway," is not bad on demurrer for failing to allege that the
cars were permitted to remain upon the highway an unreasonable time.
PLEADING.— *Uncertainty.*—*Motion to Make Specific.*—*Demurrer.*—Mere un-
certainty in the allegations of a pleading is a defect which can not be
reached by demurrer, the remedy being by a motion to make more
specific.

From the Madison Circuit Court.

*H. H. Poppleton, M. S. Robinson, J. W. Lovett* and *A. C.
Harris,* for appellant.

*H. D. Thompson,* for appellee.

COFFEY, J.—The substantial averments in the complaint
in this cause are, that the appellant is a corporation, formed
under the laws of the State of Indiana ; that on the 22d day
of March, 1882, it unlawfully, negligently and carelessly
placed one of its box-cars upon and partially across a public
highway leading from the city of Anderson to the town of
Pendleton, both in said county of Madison, and by means
thereof caused a team of two horses, then attached to a two-
horse wagon, in which wagon he was then riding, and which
team of horses he was then driving, to become frightened
and run away, overturning, in their fright, the spring-wagon
in which he was riding and throwing him and his wife, who
was riding therein with him, out of said wagon and break-
ing the arm of his said wife, and otherwise greatly bruising
and injuring her, rendering her unable to perform any labor,
and even to feed herself, and thus depriving him of her

reasonable labor and services, to his damage two hundred dollars; and also causing him to board, nurse and take care of her since said accident, to his damage two hundred dollars; and also causing him to pay for medical services for his said wife, seventy-five dollars; also causing said horses to be damaged in the sum of twenty-five dollars, etc.; that said accident occurred and was caused wholly by the unlawful acts and by the negligence and carelessness of the appellant, and that neither he, the appellee, nor his wife contributed thereto.

A demurrer to this complaint was overruled, and the appellant excepted. The appellant then answered by a general denial, and the cause, being at issue, was tried by the court. A finding and judgment, over a motion for a new trial, were entered in favor of the appellee.

The errors assigned in this court are that the circuit court erred : 1st. In overruling the appellant's demurrer to the appellee's complaint. 2d: In overruling appellant's motion for a new trial.

It is earnestly insisted that the complaint is bad because it does not aver that the car was permitted to remain on the highway an unreasonable time, and that therefore it may have been placed there only a moment before the accident, or, for aught that appears, it may have been attached to a train.

We do not think this position is tenable. It is averred that the appellant unlawfully, carelessly and negligently placed the car on the public highway. If it had placed it there in the ordinary transaction of the business of the appellant, and had not permitted it to remain an unreasonable time, it was not there unlawfully, as averred in the complaint. It is true that the complaint is vague and uncertain in its allegations, but such defect can not be reached by a demurrer ; the remedy is by a motion to make the allegations more specific. *Cincinnati, etc., R. R. Co.* v. *Chester*, 57 Ind. 297 ; *Hawley*

v. *Williams*, 90 Ind. 160 ; *Pennsylvania Co.* v. *Dean*, 92 Ind. 459.

This complaint does not differ materially from the first paragraph of the complaint in the case of *Cleveland, etc., R. R. Co.* v. *Wynant*, 100 Ind. 160. We think the complaint states a good cause of action. *Pittsburgh, etc., R. R. Co.* v. *Kitley*, 118 Ind. 152.

The only question argued on the second assignment of error is that the evidence does not support the finding of the circuit court. It is insisted that there is no evidence tending to show that the appellant, or its employees, placed the car on the public highway.

The accident occurred on a side-track constructed from the main line of appellant's road to a gravel pit. The side-track had been used for some length of time to stow away empty cars not in use by the appellant. The evidence tended to prove that this side-track was full of cars from the gravel pit up to the highway ; the cars extended into the highway from six to eight feet. They had been in this condition two or three weeks. Another car on the opposite side of the highway extended into the highway some distance, leaving a space of between fifteen and twenty feet between the cars, through which persons travelling on the highway were compelled to pass. This had been the condition for two or three days. We think that from all the facts and circumstances detailed by the witnesses the court might well have inferred that the employees of the appellant left the cars in the condition in which they were found when the accident in question occurred.

It is also objected that there is no evidence that the appellee's team became frightened at the cars. In this counsel for appellant are mistaken. In answer to a question propounded to him by his counsel, the appellee expressly stated that his team became frightened at the cars. The weight of his testimony was for the circuit court. We can

not disturb the finding of the court below upon the weight of the evidence.

We find no error in the record for which the judgment of the court below should be reversed.

Judgment affirmed.

Filed April 6, 1889; petition for a rehearing overruled June 28, 1889.