No. 1,626.

## LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* GOSSARD.

EVIDENCE.— *Judicial Knowledge.— Railroad.— Spark Arresters.*— It is a matter of universal knowledge that the ingenuity of man has failed to construct a locomotive engine, which can be successfully operated, that will not permit the escape of fire at times.

RAILROAD.—*Damage by Fire.—Negligence.—Presumption.*—The mere setting of a fire by a passing locomotive raises no legal presumption that it was the result of negligence.

SAME.—*Evidence.—Spark Arrester.—Negligence.*—Proof that a fire started a few minutes after an engine passed, and that at a point one-fourth mile distant sparks were escaping from the engine, is insufficient to show negligence on the part of the railroad company, especially where the evidence shows that the spark arrester was the best known and approved in general use, and was in good condition and repair.   (See note at end opinion.)

From the Clinton Circuit Court.

*Bayless, Guenther & Clark, W. E. Hackedorn* and *J. B. Cockrum*, for appellant.

*J. T. Hockman*, for appellee.

Ross, J.—The appellee brought this action and recovered judgment against the appellant in the sum of $100.00, for personal property destroyed by fire, alleged to have been permitted to escape, through appellant's negligence, from one of its locomotive engines.

The complaint is in three paragraphs, to each of which appellant demurred for want of facts, the demurrers were overruled and exceptions saved.   The verdict of the jury and the judgment of the court rest upon the second paragraph, and the insufficiency of that paragraph is urged by appellant.

The theory upon which the second paragraph proceeds is not that appellant, after setting fire to its own right of way, negligently permitted the fire to escape therefrom, and to destroy appellee's property, but that appellant's negligence consisted in permitting the fire to escape directly from its locomotive engine to the property adjoining its right of way, from whence the fire spread to, and destroyed the hay and fences of appellee. The charges of negligence which appellee makes in his complaint are, it is true, very general, but so far as any objection has been pointed out by counsel for appellant, we think them sufficient as showing an actionable wrong.

The right of a railroad company to use fire to generate steam for the purpose of operating its locomotive engines cannot be questioned, and it is a matter of universal knowledge that the ingenuity of man has failed to construct an engine which can be successfully operated which will not permit the escape of fire at times.   The right of a railroad company to use fire in the operation of its engines, therefore, relieves it from liability for injury to property resulting from the escape of fire which the operation of properly equipped engines necessarily permits ; but if the company by reason of negligence permits fire to escape from its engines, and injury results therefrom, it is liable in damages therefor. The law, recognizing that fire will escape, casts the burden upon one seeking to recover damages for injury by fire from a locomotive engine, of alleging and proving

negligence on the part of the railroad company in permitting it to escape. The law in conferring the right upon the railroad company to use fire in the operation of its road, and knowing its liability to escape and do injury does not accompany such right with a penalty. The right is granted without limitation, except that care be exercised in its use, so that such use may not cause unnecessary loss or injury to others.

The complaint before us makes the general charge that the appellant negligently permitted its engine to become out of repair, and negligently permitted fire to escape therefrom, and to destroy appellee's property, which allegations, under the authorities in this state, are sufficient. *Cleveland, etc., R. W. Co.* v. *Wynant*, 100 Ind. 160; *Mississinewa Mining Co.* v. *Patton*, 129 Ind. 472.

The evidence introduced on the trial shows that on the 6th day of March, 1893, at about two o'clock in the afternoon, and five or ten minutes after one of appellant's freight trains had passed over its road near appellee's land, fire was discovered sixty-eight feet from the railroad track, and outside of appellant's right of way in the grass along the north side of a highway which was north of, adjoining, and parallel with, the railroad. The fire spread into the adjoining field and thence to appellee's hay and fence which were burned and destroyed. It also appears that after the train had passed the point where the fire was discovered and was beyond that point a quarter of a mile, sparks were seen to escape from the smoke stack of the engine. The engine attached to and pulling this train was equipped with the best known and approved spark-arrester and was in good condition and repair, and was operated and managed by competent, careful and skillful servants.

Lake Erie and Western Railroad Company v. Gossard.

The appellant insists that under these facts the appellee is not entitled to recover.    It is well settled in this State that the mere setting of a fire by a passing locomotive raises no legal presumption that it was the result of negligence.    *Indianapolis, etc., R. R. Co.* v. *Paramore*, 31 Ind. 143; *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 110 Ind. 225; *Chicago, etc., R. R. Co.* v. *Ostrander*, 116 Ind. 259.

The law granting the right to use fire for the purpose of operating locomotive engines, recognizing the fact that mechanical science has not achieved such perfection in the construction of such machinery that it can be so constructed that in its use sparks will not escape, presumes that if they do escape it was because they could not be prevented, hence the burden is cast upon the party seeking to recover damages for any injury therefrom, to prove more than the mere escape of the fire to show actionable negligence on the part of the railroad company.

"As negligence is the gist of the action against the company for injuries received from it while exercising its lawful right to conduct its trains, the burden of proof is on the plaintiff to prove the negligence.    The fact of injury suffered by the plaintiff in consequence of the exercise of a right by the defendant does not raise the presumption of negligence, except in some peculiar cases, as in actions against inn-keepers and common carriers, which are made exceptions to the general rule on grounds of public policy.    Hence, the setting on fire of grass, fences, or buildings of landowners on the railroad by particles of fire, which are proved to have issued from the company's engines, does not of itself justify the inference of negligence."    Pierce on Railroads, p. 437.

In the case of *Indianapolis, etc., R. R. Co.* v. *Paramore, supra*, Elliott, C. J., speaking for the court, says:

"The use of such engines in operating railways is authorized by law, and why should the presumption of negligence arise from the fact of fire being communicated by them? It will scarcely be denied that they are liable, unavoidably, to communicate fire, especially during very dry periods, to combustible matter near the track; and we see no reason why the mere fact that a fire is thus caused should raise the presumption of negligence. It is undoubtedly the duty of railroad companies to use machinery that is properly constructed with a view to prevent fire from being thus communicated, and the engines should be operated with care and skill to the same end. And if fire is communicated by an engine, caused by a failure to use proper preventatives, or by the carelessness of employes, the company is liable for consequences; but as negligence, in either respect, involves a wrong, it should not be inferred without proof, the burden of which rests upon the party alleging it."

In *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 79 Ind. 111, the above quotation from *Indianapolis, etc., R. R. Co.* v. *Paramore,* was doubted, if not in fact overruled, but on a second appeal of the Hixon case (110 Ind. 225), the court after expressly disapproving the decision on the former appeal on that question, quotes the language used by Elliott, C. J., in the Paramore case, *supra,* and then adds: "What we have last quoted, upon the question under consideration, was the recognized law of this State for many years, has never been changed by statute, and as it is in harmony with well established rules of evidence, it ought not, we think, to be changed by judicial decision."

In *Ruffner* v. *Cincinnati, etc., R. R. Co.,* 34 Ohio St. 96, the court says: "The emission of sparks from such locomotives results from the mere use, and is as

natural as it is common; therefore, it cannot be presumed, either as a matter of law or matter of fact, that the escape of sparks is caused by carelessness or negligence in the use. * * * It is not enough to show that the injury was caused by sparks escaping from a passing engine, without more. A party is not answerable in damages for the reasonable exercise of a right. A liability arises only when it is shown that the right was exercised negligently, unskillfully, or maliciously."

But counsel for appellee insists that because a witness testified that sparks large enough to be carried sixty-eight feet, the distance from appellant's railroad to the point where the fire started, and remain alive so as to set fire to dry grass, weeds, etc., could not escape from appellant's engine except the spark-arrester was out of repair, that from this evidence the jury had a right to infer that the spark-arrester was out of repair, although there was positive evidence, uncontradicted, that the spark-arrester on this engine was in good condition and repair. Counsel forgets that there is no proof that the fire originated from appellant's engine except the fact that a witness testified that a few minutes before the engine, which it is claimed set the fire, passed over appellant's road, he passed the place where the fire started and saw no fire, that after he had proceeded on his way a quarter of a mile the train overtook him, and at that point he noticed sparks escaping. Under the adjudications in this State, above cited, this evidence alone is insufficient to prove negligence on the part of the appellant. On the other hand, the evidence shows clearly that the spark-arrester was the most approved in general use, and was in good condition and repair.

It is true that it is the province of juries to draw inferences of fact from the evidence, but they have no right arbitrarily to infer facts which there is no evidence

to support. That they oftentimes make mistakes and conclude that certain evidence is sufficient to warrant them in drawing an inference of fact therefrom, when such evidence under the rules of law has no tendency to prove such fact, must be conceded unless we acknowledge that they are infallible. It is when the jury have made such wrong inference that the court below is called upon by the wronged party to set aside the verdict of the jury and grant a new trial. This, the trial court should never hesitate to do. In fact it is his sworn duty to do so, and if he is not willing to perform this duty, he should not assume the responsibility of the position of judge.

The cause is reversed, with instructions to sustain the motion for a new trial.

GAVIN, C. J. and LOTZ, J., concur in result.

Filed January 31, 1896.

### CONCURRING OPINION.

DAVIS, J.—It is not shown that there was no other source from which the fire might have originated. Neither is it shown that the engine on this or any other occasion threw live sparks a distance of sixty-six feet.

Therefore, I concur in the result. *New York, etc., R. W. Co.* v. *Baltz*, 141 Ind. 661 ; *Louisville, etc., R. W. Co.* v. *McCorkle*, 12 Ind. App. 691, and authorities there cited.

Filed January 31, 1896.

NOTE.—The authorities on the presumption as to negligence in case of railway fires are collected in a note to *Barnowski* v. *Helson* (Mich.), 15 L. R. A. 40.