## TIMMONS, ADMINISTRATOR, v. PINE SCHOOL TOWNSHIP.

### [No. 2,985. Filed March 16, 1899.]

TOWNSHIP TRUSTEE. — *Report.* — *Approval.* — The approval by the board of county commissioners of a report made by a township trustee that the revenues were not sufficient to pay the indebtedness of the township, and that he paid same with his own money, does not amount to an adjudication of the validity of the claims, and such approval will not prevent the township, in a suit against it for the payment of such claims, from requiring plaintiff to itemize the claims so paid. *pp. 93-95.*

PRACTICE.—*Order to Make Complaint More Specific.—Refusal to Comply With Order.—Judgment.*—A judgment, upon refusal of plaintiff to comply with an order of court requiring him to make his complaint more definite and certain, that he take nothing by his complaint is improper, under the provisions of section 336 Burns 1894, that, for disobedience by a plaintiff of an order concerning pleadings in an action, the court may dismiss the action without prejudice, and such judgment will be treated, on appeal, as a judgment of dismissal. *p. 96.*

From the Benton Circuit Court. *Affirmed.*

*Daniel Fraser* and *W. H. Isham,* for appellant.

*Stuart Bros. & Hammond* and *Thomas E. Merrick,* for appellee.

ROBINSON, J.—Appellant avers in his complaint that for some years before August 5, 1895, appellant's decedent was appellee's trustee; that on and before that date appellee became and was indebted to divers and sundry persons for work, labor, and material, used in and about the erection, maintenance, and repair of schoolhouses, grounds, and properties of the school township, and also for appliances, supplies, and necessary things for the use of the common schools of the township; and also for coal, janitor's and director's services, and to divers and sundry teachers for attendance on township institutes, in the sum of $1,600; that the same was a legal charge against the township; that the revenues were not sufficient to pay such indebtedness, and that the de-

cedent, as trustee, paid the same with his own money; that on August 5, 1895, the decedent reported these debts, and the payment thereof, and the vouchers therefor, to the board of county commissioners, as required by law; that the account was audited, examined, and approved by the board and by the successor in office and trust of decedent; that on settlement of the account there was found due decedent $1,600; that decedent in his lifetime, and appellant, demanded such sum, which has been refused.

Appellee filed a motion asking that appellant be required to show in his complaint the names of the persons to whom appellee was indebted on the date named for work, labor, and materials used in and about the erection, maintenance, and repair of schoolhouses, grounds, and properties of the township, and for appliances, supplies, and necessary things for the use of the common schools, and for coal, janitor's and director's services, and for teachers on attendance at institutes, giving the specific amount of each indebtedness and when the same was incurred, and when paid, and the necessity for advancing the money. This motion was sustained, and appellant refusing to amend, judgment was rendered in appellee's favor.

Sustaining this motion, directing appellant to amend, and rendering judgment in appellee's favor against appellant for costs, have been assigned as error by appellant. Appellee has assigned cross-error that the complaint does not state facts sufficient to constitute a cause of action. If a complaint is indefinite or uncertain, the defect will not be reached by demurrer, but must be by motion to make more specific. *Cleveland, etc., R. Co.* v. *Wynant,* 100 Ind. 160. And overruling such a motion is prejudicial error if the defect pointed out in the pleading is a material one. Elliott's App. Proc., section 665, and cases cited; *Hawley* v. *Williams, Ex.,* 90 Ind. 160; *Cincinnati, etc., R. Co.* v. *Chester,* 57 Ind. 297. If appellant has a good cause of action, it is because the

parties to whom he paid the money sought to be recovered held valid claims against the township. The approval of the trustee's report by the board of commissioners was not an adjudication of these various claims. It was an adjudication of the fact that he had paid them, but it was not an adjudication of the validity of the claims binding upon the township. The board is not clothed with power to estop the township from inquiring into the correctness of the trustee's reports. The report, in the absence of fraud or mistake, is conclusive against the trustee as to his receipts and expenditures, but it is not conclusive as against the township. Such a report is *prima facie* correct as against everyone, but its correctness can be assailed by the township, and its approval by the board does not prevent the township from being entitled in a suit against it to be apprised of the nature of the claims it is asked to pay. The precise charge against the township was that appellant's decedent had for the township paid certain sums of money to certain individuals for a specific purpose, and it was proper for the court to require the charge to be definite and certain in these particulars. Section 379 Burns 1894, section 376 Horner 1897. See *Bunnell* v. *Board, etc.,* 124 Ind. 1.

Counsel for appellant cite the case of *Kiefer* v. *Troy School Tp.,* 102 Ind. 279, as controlling in the case at bar. But the complaint in that case clearly shows the necessity for expending the money sought to be recovered. It does not appear from the opinion whether the complaint set out the names of the parties to whom the money was paid, or the report made to the board. The demurrer in that case admitted that the money was expended in good faith, under the belief that the tuition funds provided would be sufficient for their payment, and that the township became liable for the pay for services of which it had the benefit.

In *Clark Tp.* v. *Brookshire,* 114 Ind. 437, the complaint was tested by demurrer, which was overruled, the court saying: "The objection that might be urged to the complaint is,

that it is not as certain and specific as it might be. But uncertainty is not a ground of demurrer." *Pittsburgh, etc., R. Co. v. Hixon*, 110 Ind. 225.

It is true, as argued, that where there are mutual accounts between parties, and a settlement made and a balance struck, such settlement is presumed to include all items taken into account. A suit may be brought for such balance because of the implied promise on the part of him against whom the balance appears to pay it. The party is estopped by his own agreement, but the board had no power to estop the township from inquiring into the account, nor did the board's act amount to an implied promise on the township's part to pay the balance found due by the board. The motion was properly sustained.

Upon appellant's refusal to amend his complaint in compliance with the motion, the court rendered judgment as follows: "It is adjudged by the court that the plaintiff take nothing by his complaint and that the defendant be allowed its costs taxed at ——dollars against the estate of John W. Timmons."

Upon the refusal of the plaintiff to make his complaint more specific, the court was not authorized to render a decision upon the merits of the case. The statute provides that for disobedience by a plaintiff of an order concerning proceedings in an action, the court may dismiss the action without prejudice. Section 336 Burns 1894, section 333 Horner 1897. As the only proper judgment the court could render was a judgment of dismissal without prejudice, it must be held that the judgment rendered was such a judgment. In the argument of appellee's counsel the judgment rendered is treated as a judgment of dismissal. As such judgment it is affirmed.

Wiley, J., absent.