## ASHLEY ET AL. *v.* HENDERSON.

[No. 20,556. Filed February 20, 1906.]

1. PLEADING. — *Complaint.—Evidence.—Variance.—Contracts.— Execution.—Religious Societies.*—Where a complaint against a religious society alleges that three named persons were appointed a committee by the board of trustees of such society to execute, on behalf of the society, the contract sued on, which was signed by such persons in their individual capacities, and no evidence was introduced tending to show that such persons had authority so to act, there is a fatal variance. p. 148.

2. SAME. — *Complaint. — Contracts. — Ratification.—Variance.*— Where the complaint declares upon a contract alleged to have been executed by a religious society, but which appears upon its face to have been executed by three individuals, a recovery can not be had upon evidence of a subsequent ratification by such society, nor can it be had upon the contract except by reformation. p. 148.

From Superior Court of Marion County (63,541); *Vinson Carter,* Judge.

Action by William E. Henderson against Thomas Ashley and others as trustees of the Allen Chapel African Methodist Episcopal Church. From a judgment for

plaintiff, defendants appeal.    Transferred from Appellate
Court under §1337u Burns 1901, Acts 1901, p. 590.    *Reversed.*

*James A. Bryant,* for appellants.

*Clarke & Clarke, Lynn D. Hay* and *John W. Bowlus,*
for appellee.

GILLETT, C. J.—Appellee, who was the plaintiff below,
brought this action against appellants, seven in number,
trustees of the Allen Chapel A. M. E. Church, to
1.    recover for services as an attorney.    The complaint
was in two paragraphs, and in each of them appellee
counted on a written contract purporting to have been made
by Edward Brewer, Thomas Ashley and Robert Alexander
as trustees of said church, but signed by each of said three
persons in his individual capacity.    It is alleged in each
paragraph that said three persons were appointed a committee to execute said contract on behalf of the church.
Appellants were defeated below, and the question presented
for our consideration is whether the evidence was sufficient
to uphold the result.

At the time said contract was entered into there were
seven trustees of said church.    There was no evidence introduced which tended to show that the three persons who
signed said contract had any authority to act on behalf of
the board of trustees.    It is claimed, however, by counsel
for appellants, that the contract was ratified by the board.
Assuming that a ratification is equivalent to a prior authority, and that it may be declared on as such (16 Ency.
Pl. and Pr., 904), the difficulty which here presents itself
is that there is no allegation in the complaint that the
church executed the contract, or that there was any mutual
mistake whereby the persons signing same (other than
appellee) were led individually to execute the same.    On
the contrary, the averment is special that said
2.    persons were appointed by the trustees as members
of a committee to sign said agreement.    Under this

form of allegation, and with the contract purporting to be an individual undertaking, we are of opinion that appellee can not recover on the theory of a subsequent ratification. We are unable to comprehend how, without reformation, a recovery could be had against the board on a contract which did not purport to charge it. If there was a sufficient ratification, the demand might be declared on under a common count, or the special contract might be reformed. It will not avail, however, that a plaintiff makes out a cause of action upon the evidence, if his complaint fails to state a cause of action, or if the evidence does not correspond, in legal effect, with the material allegations of his complaint. See *Cleveland, etc., R. Co.* v. *Wynant* (1885), 100 Ind. 160.

Judgment reversed, and a new trial ordered.